## COLEMAN J. HOMES

*v.*

## LEVI HALE.

1. FRAUD AND CIRCUMVENTION *in procuring the execution of a note.* Although the maker of a promissory note was induced to sign it by the false and fraudulent representations of the agent of the payee as to its legal effect, and the liability which would thereby be imposed upon him, still, if, when he signed it, he was acquainted with its language, or might have been by the exercise of ordinary prudence and caution, as against an indorsee before maturity and without notice, he is bound.

2. The exercise of due diligence and attention on the part of the signer of negotiable paper, is a necessary element in a defense that its execution was obtained by fraud and circumvention, when such defense is set up against an innocent assignee before maturity; and an instruction that, if the jury believe, from the evidence, he was induced by the opposite party to believe that the instrument was different from what it really was, they should find for the defendant, thus excluding all question as to the negligence of the defendant, is erroneous.

3. CREDIBILITY OF WITNESS. The fact that there is a preponderance of evidence against the statement of a witness on a single point, does not, as a legal proposition, affect the credibility of his whole testimony.

4. INSTRUCTIONS—*should not single out facts and give them undue prominence.* An instruction which singles out certain facts and gives them undue prominence, and, by peculiar phraseology, seems to imply their existence, and then informs the jury that, from them, they are entitled to view the entire transaction with suspicion, is erroneous.

Appeal from the Circuit Court of Clay county; the Hon. J. C. Allen, Judge, presiding.

Messrs. Cope & Boyles, for the appellee.

Messrs. Henry & Hitchcock, for the appellant.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellant brought suit, as assignee of the following instrument, to recover the amount claimed to be due thereon:

"$160.                                    *April* 28, 1871.

On the first day of September, 1871, (or before, if made out of the sale of J. B. Drake's horse hay rake or hay carrier.) I promise to pay James B. Drake, or order, one hundred and sixty dollars, for value received with use.

George W. Shroyer.                    Levi Hale."

Indorsed: "Pay to order of H. E. Chamberline, James B. Drake.   Pay C. J. Homes or order, H. E. Chamberline."

The case was twice tried in the court below, the first trial resulting in a verdict for the plaintiff, and the last in a verdict for the defendant, upon which judgment was rendered, and to reverse which the plaintiff appeals to this court.

It does not appear, from the evidence, that the appellant is an indorsee in bad faith, or that he had notice of the existence of the facts interposed as a defense to the collection of the note, at the time it was assigned to him.

The material question presented by the pleadings, and upon which the evidence was heard, is, was Hale, the maker of the note, induced to execute it by fraud or circumvention?

The evidence is conflicting, and were we satisfied with the instructions given to the jury, it may be that we would not feel ourselves called upon to reverse the judgment. We can not, however, say that the evidence is so clearly with the defendant that substantial justice has been done, notwithstanding what we conceive to be error in the instructions.

Although there may have been fraud and circumvention in the transaction between Hale and Drake, and Hale may have been induced to sign the note by the false and fraudulent representations of Drake's agent, as to its legal effect, and the liability which would thereby be imposed on him, still, if, when he signed it, he was acquainted with its language, or might have been by the exercise of ordinary prudence and caution, as against an indorsee before maturity and without notice, he is bound. The only question is, was *its making or execution* obtained by fraud or circumvention? *Woods* v. *Hynes*, 1 Scam. 103; *Mulford* v. *Shepard*, id. 583; *Adams* v. *Wooldridge*, 3 Scam. 255; *Latham* v. *Smith*, 45 Ill. 25; *Clarke* v. *Johnson*, 54 id. 296.

The second instruction given at the instance of the defendant is as follows:

" If the jury believe, from the evidence, that Rea, in the presence of Shroyer and others, stated to Levi Hale that if he, Hale, sold nothing he would be out nothing, or words to that effect, while they were negotiating, and that Rea and Shroyer positively swear that no such words were spoken in their presence, and at that time, by any one; .and that if you further find, from a preponderance of the evidence, that Rea did so state at that time, then you are warranted in considering this as a strong circumstance touching the credibility of the witnesses, Rea and Shroyer."

This instruction was calculated to mislead the jury, and it should have been refused.

Even if Rea, acting as the agent of Drake, did say that "if Hale sold nothing he would be out nothing, or words to that effect," it would not follow that the note in suit had not been made or executed by Hale, or that its making or execution had been obtained by fraud or circumvention. At most, it would only tend to prove fraud in the consideration, which was not a question before the jury, and it was, therefore, unimportant whether that declaration was made or not.

But even if the inquiry had been a material one, it is not true, as a legal proposition, that, because there is a preponderance of evidence against the statement of a witness on a single point, the credibility of his whole evidence is thereby affected. All witnesses are liable to be mistaken or misinformed, and this may be as to one point, and not as to others. The maxim, *falsus in uno falsus in omnibus*, has never been applied to cases where it does not appear that the witness has wilfully and knowingly testified falsely. *City of Chicago* v. *Smith*, 48 Ill. 108.

If the jury believed, from the evidence, that Shroyer and Rea testified, wholly or in part, falsely, it was their duty to disregard so much of their evidence as was shown to be false, but they should have been left perfectly free to determine the effect to be given to their evidence, when considered in connection with all the evidence in the case.

The eighth instruction, given at the instance of the defendant, is still more objectionable than the second, in that the court said to the jury:

"In viewing the matter, the jury are entitled to consider, from the evidence, the difference, if any is shown, between the men selling the right and Levi Hale, as to the ability of the former to deceive the latter, provided the least traces of deceit, cunning, or any device to deceive, is shown, in the evidence, to have come from Rea and Shroyer, and you find that any deception was used by them, either by what they did or said, to mislead Hale, then you are entitled to view with suspicion the entire transaction; and if you find, from all the evidence, that Hale was led by the opposite party to believe the instrument to which his name is attached and in controversy, was something else than a promissory note, then, although he may have permitted his name to be written to the note, it is not his deed, and you ought to find for the defendant."

The first and most obvious objection to this instruction is, in singling out certain facts and giving them an undue prom-

inence, and in the *quasi* assumption of their existence, implied by the peculiar phraseology, and then saying that, from them, the jury are entitled to view the entire transaction with suspicion. This mode of instructing a jury has been so repeatedly condemned by this court that a reference to the particular cases is unnecessary.

The instruction is also liable to the same objection that was held fatal to the instruction in *Leach* v. *Nichols*, 55 Ill. 276. All question of the defendant's negligence is excluded. In the case referred to, it was held, that the exercise of due diligence and attention on the part of the signer of negotiable paper, is a necessary element in his defense, that the execution of the instrument was obtained by fraud and circumvention, when such defense is set up against an innocent assignee before maturity. So, also, was the ruling in *Taylor* v. *Atchison*, 54 Ill. 199, and *Mead* v. *Munson*, 60 id. 50.

There was evidence tending to show that other persons were present, or near by, at the time of the transaction, to whom reference could have been made by Hale, to ascertain the character of the instrument which he was asked to sign, and, under the authority of these cases, it should have been left to the jury to determine whether Hale, by the exercise of ordinary prudence and caution, would not have avoided the wrong which is claimed to have been perpetrated against him.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*