## Exchange National Bank v. Henry Plate.

| 69 | 489 |
|----|-----|
| 103 | 407 |
| 69 | 489 |
| 115 | 508 |

1. FRAUD AND CIRCUMVENTION—*Bona Fide Holder of Commercial Paper.*—In an action upon a promissory note, the execution of which is claimed to have been secured by fraud, it is material to the defense as against a *bona fide* holder, that the maker (defendant) had exercised due diligence and care in endeavoring to advise himself of the contents of the instrument before he signed it.

**Assumpsit,** on a promissory note.   Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding.   Heard in this court at the November term, 1896.   Reversed and remanded.   Opinion filed February 25, 1897.

### STATEMENT OF THE CASE.

Assumpsit by appellant bank to recover on following instrument, viz.:

" $500.00.                        CHICAGO, ILL., Feb. 1st, 1895.

One year after date I promise to pay to the order of Henry Metz, five hundred dollars, at 7 per cent.   Interest payable annually.   Value received.

H. PLATE."

Indorsement:   Pay to the order of Exchange National Bank of Polo, Illinois.

HENRY METZ.

Plea of the general issue, and special plea that the signature of appellee to the note was obtained by fraud and circumvention.

Verdict and judgment for appellee and appeal by the plaintiff below.

HARRY M. WAGGONER, attorney for appellant.

H. W. MASTERS, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The only defense was under the plea of fraud and circumvention.

Appellee's version of the manner in which he was induced to sign the note was that Metz, to whom the note is made payable, was indebted to him and that he was seeking to obtain payment; that Metz told him he could obtain the money wherewith to pay him from some bank in Chicago by depositing with such bank certain notes held by him (Metz) upon other parties, and by giving to the bank the note of Metz, with appellee as his surety. Appellee consented he would sign as security for Metz, and the latter afterward presented the instrument in evidence as being the note contemplated by the arrangement between them. Appellee can write his name but testified he could not read writing. He did not ask that the note be read to him but accepted Metz's statements, which were to the effect, in a general way, it was the note they had agreed to make.

The fraud and circumvention relied upon is that appellee believed the note was that of Metz as principal and himself as surety, payable to some bank, while in fact it was his individual note, payable to Metz.

The version given by Metz is materially different in many respects from that given by appellee, but if the verdict of the jury ought to be accepted as establishing the facts as testified to by appellee, still we are satisfied the verdict ought not to stand.

It was material to appellee's defense, as against a *bona fide* holder, that he had exercised due diligence and care in endeavoring to advise himself of the contents of the instrument before he signed it. Taylor v. Atchison, 54 Ill. 199; Leach v. Nichols, 55 Ill. 273; Holmes v. Hale, 71 Ill. 552.

The court, at the request of appellee, instructed the jury as follows:

The jury are instructed that the defendant has interposed

as one of his defenses to said note what is known in law as fraud and circumvention in the obtaining of his signature to said promissory note, and if you believe from a preponderance of the evidence the defendant, Henry Plate, was induced by the said Henry Metz, the payee of said note, to sign the same by fraud and circumvention, then such written contract or note is void in the hands of the plaintiff in this case, although the same may have been regularly assigned to it, the plaintiff, by the said Henry Metz, the payee, before its maturity. And if you believe from a preponderance of the evidence introduced upon this trial the said Henry Plate, in ignorance of the character of the instrument sued upon, by the fraud and circumvention of the said Henry Metz, the payee, was induced to sign the said note, and then honestly believing that he was signing the note of said Metz as principal and defendant as surety, payable to some one other than Metz; then if you find the facts as last above stated, you should find the issues for the defendant.

The effect of this instruction was to declare the note void if obtained by fraud and circumvention and signed by appellee in ignorance of its true character, etc., and that without regard to the controlling question whether appellee exercised due or any degree of care to avoid being deceived.

Loss can not thus be cast upon the innocent holder of negotiable paper.

Moreover it is difficult to understand in what respect the note signed by the appellee differed in its legal effect from a note of the character he says he supposed he was signing. It is for the same, not a greater amount.

He was willing to become surety for Metz on a note for this amount, to be used by the latter wherewith to obtain money from a bank.

He did not know and it does not appear from his statement either party knew to what particular bank the application for the money would be made.

In such instances it is believed an ordinary and not unu-

sual mode of framing the "accommodation paper" is to adopt the form of note used on this occasion.

The liability of the appellee to the holder of a note framed in either manner is original, and such holder may look as well to the appellee as the sole debtor upon a note of the character he supposed he was signing as upon the one he signed.

As between appellee and Metz, the fact the former was surety only could be established and the rights of appellee in that respect preserved as well against one form of instrument as the other.

In order to constitute the defense here sought to be made it is essential the appellee should have been induced to sign a note prejudicially different in legal effect from the instrument he was willing to and thought he was signing.   Ryan v. National Bank, 148 Ill. 349.

For the reasons indicated the judgment must be and is reversed and the cause remanded.