## CHARLES A. RENO, Impleaded with
## PATRICK QUINN,
## *v.*
## ROBERT WILSON.

1. DAMAGES—*what will not be considered excessive.* In an action of trespass for false imprisonment and for assault and battery, the jury assessed the plaintiff's damages at $1,700, upon which judgment was rendered: *Held,* that such damages could not be considered excessive, the proof showing, that the defendant, influenced solely by a wilful and malicious nature, procured the arrest and prosecution of the plaintiff upon a charge of larceny, without the slightest grounds upon which to base a justification of, or even to instigate, his conduct.

2. SAME—*where a charge is made for probable cause.* But, where a person in good faith, and for probable cause, makes a criminal charge against another, the party so charged cannot, in the event of his discharge, recover heavy damages in an action for trespass against such person.

3. NEW TRIAL—*excessive damages.* And in such case, a new trial will not be awarded, on the ground alone, that the damages were excessive, even though this court would have been better satisfied with a verdict for a less amount, the jury having the right to give punitive or exemplary damages, and their verdict being warranted by the facts in the case.

4. INSTRUCTIONS. And in such case, it is not error for the court to refuse to instruct the jury to the effect, that if they believe that the defendant ordered the arrest of the plaintiff, and at the same time, stated the facts of the case to the officer making the arrest, the defendant is not liable for the arrest, if plaintiff was committing an act which made him liable to arrest, and they should find for the defendant. It was not for the jury to determine what acts made the plaintiff liable to an arrest, and there was no proof that plaintiff was doing an unlawful act.

5. Nor was it error for the court to refuse an instruction, which directed the jury, that unless the defendant *made the charge* against the plaintiff, he was not liable, when, under counts which charged an arrest and imprisonment, the plaintiff would have been entitled to recover, without reference as to who made the false charge.

APPEAL from the Superior Court of Chicago.

The facts appear in the opinion.

Mr. J. V. LeMoyne, for the appellant.

Mr. George F. Bailey, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of trespass for false imprisonment, and for assault and battery, brought to the Superior Court of Chicago, by Robert Wilson, against Charles A. Reno and Patrick Quinn. Reno was alone served with process, and pleaded not guilty, and a special plea which should have been demurred out.

The jury found for the plaintiff, and assessed the damages at $1,700, for which the court rendered judgment, having denied a motion for a new trial.

To reverse this judgment, the defendant appeals to this court, and complains that the damages are excessive, and that the court refused to give the jury certain instructions for which he asked.

Had there been the least pretence for charging the plaintiff with larceny, had a single fact appeared, tending to substantiate such a charge, we would have no hesitation in holding the damages were so outrageously excessive as to demand the interference of this court. It must not be, that a person making, in good faith and for probable cause, such a charge, shall be mulcted in a civil action in heavy damages, in the event the party charged is discharged. Were it so, then good citizens would decline bringing a criminal charge, though the proof was strong, for fear of these consequences.

The proof greatly preponderates, that appellant charged appellee with larceny of a load of coal, and procured his arrest on that charge, and appeared as the prosecutor, for which there was not the slightest foundation. His conduct, from the

commencement to the termination of the prosecution, seems to have been prompted by no reverence for the law, by no desire to bring one of its violators to punishment, but to gratify bad passions, which, causelessly excited, appellant had not the firm-ness and discretion to restrain.

The arrest was attended with the most degrading and humilia-ting circumstances; he, a respectable young man, being con-fined all night with miserable creatures, offscourings of the slums and alleys of a large city, picked up by the policemen in their daily rounds—in a room crowded and filthy, with no bed but sawdust, and no food but scanty bread and cold water; taken thence to a police magistrate, through the public streets to a police office, exposed to the gaze of the populace, and to the jests and ribaldry of passers-by, who might think proper to indulge in them. And this, too, when there was no sem-blance of criminal conduct, and no act done which could be tortured into crime.

To say, under these circumstances, that $1,700 damages were so outrageously excessive as to require us to set aside the verdict, is what we cannot say, though we are free to say, we should have been better satisfied with a less verdict; but as the jury had the right to give exemplary or punitive dama-ges, for which no very definite rule can be prescribed, the verdict must stand, unless the instructions were wrong.

Appellant claims that the large verdict was, in a great degree, owing to the refusal of the court to give the second and fourth instructions asked by him.

The court gave for him this instruction:

" If the jury believe, from the evidence, that the defendant merely stated facts to the policeman, without wishing an arrest to be made, he is not liable for the action of the policeman in making the arrest or for the imprisonment of the plaintiff, and the jury should find for the defendant."

13—49TH ILLS.

He then asked this instruction :

" Even if the jury believe, from the evidence, that the defendant ordered the arrest, and at the time stated the facts' to the policeman, he is not responsible for the arrest, if the plaintiff was committing an act which made him liable to arrest, and the jury should find for the defendant."

There are several serious objections to this instruction, one of which is, it was not for the jury to determine what acts made the party liable to an arrest, and the other is, there was no evidence the party arrested was doing any unlawful act."

The fourth instruction refused, was this :

" Unless the defendant made the charge of larceny against the plaintiff, he is, in no degree, responsible for any damage which the plaintiff sustained by reason of having been entered on the book at the police station, and if the damage was caused by this charge being made, the jury shall find for the defendant."

This instruction is somewhat obscure, but, as we understand it, it was calculated to mislead the jury. The action, in the first two counts, was for a malicious arrest and imprisonment, on a charge of larceny. The remaining counts did not allege he was arrested on that charge, so that the plaintiff would be entitled to recover, had he failed on the first two counts, on proving the other counts, substantially. It is difficult, if not impossible, to say what, in the estimation of the jury, caused the damage—the arrest and imprisonment, or the false charge. They are all calculated to damage a party, and damage is proved from the evidence. Now, it is clear, the defendant prompted this movement against the plaintiff—he was the prime actor in it, and whether he made a charge of larceny or

not, he would be responsible in damages for the unlawful arrest. Had the instruction been given as asked, it could not have aided the defendant, for it was impossible the jury should close their ears to evidence which went with powerful force to establish both charges against the defendant—both the arrest and the false charge of larceny. So much of this instruction as the defendant was entitled to, was given to him, in the instruction above noticed.

The other instructions relate to the giving punitive damages.

If there ever was a case demanding such damages, this is one, as there were not the slightest grounds on which to build a justification of defendant's conduct, or even to mitigate it.

The judgment must be affirmed.

*Judgment affirmed.*