A new trial should be granted, with costs to abide the event.

[ONONDAGA GENERAL TERM, April 6, 1869. *Bacon, Mullin, Foster* and *Morgan,* Justices.]

---

## AMES *vs.* RATHBUN and STEARNS.

Although no motion for a nonsuit is made upon the trial, and the case is submitted to the jury under a charge to which no exception is taken, the court, upon an appeal from the judgment and from the order denying a new trial, may review the facts as well as the law, and set aside the verdict, in the exercise of the power conferred upon it by sections 329 and 349 of the Code of Procedure.

Advice of counsel, given upon a full and fair statement of the case, and acted upon in good faith, is a good defense to an action for malicious prosecution. But where the counsel testifies that the statement on which his advice was sought and given, corresponded in all respects with the facts contained in the affidavit on which the plaintiff was arrested; and that affidavit states that the plaintiff *falsely* and *fraudulently* represented that, &c.; if the jury find that there was no probable cause for the accusation of fraud, there is no ground for saying that the statement to counsel was fairly made, or that it was in good faith acted upon.

APPEAL by the defendants from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought to recover damages for a malicious prosecution. The defendants brought an action against the plaintiff in one of the district courts of the city of New York for fraud, in obtaining money by means of false and fraudulent representations. Being arrested, the plaintiff herein gave bail, and on the adjourned day the

parties appeared, and proceeded with the trial. The justice, after hearing the proofs in the case, dismissed the complaint.

This action has been tried three times, and each time a verdict was rendered for the plaintiff, except the first, when the jury did not agree.

*Wm. W. Mann,* for the appellants.

*Oscar Frisbee,* for the respondent.

*By the Court,* GILBERT, J. The only exception taken by the defendants was to the admission of evidence of the dismissal of the complaint in the action in which the plaintiff was arrested. The objection to this evidence was that the complaint contained no averment of the fact sought to be proved. But it was at once obviated by an amendment allowed by the court, to which no exception was taken. The evidence, therefore, was properly received, even if the amendment was improperly allowed. But we are of the opinion that the amendment was properly allowed. The complaint contained all the averments requisite to maintain an action on the case for a malicious prosecution, except the averment that the prosecution was ended. The only effect of the amendment was to supply this omission, and this is clearly within section 173 of the Code.

It has been urged, on this appeal, that the evidence fails to make out a want of probable cause, or malice, and therefore, that the plaintiff should have been nonsuited. Although no motion for a nonsuit was made, and the case was submitted to the jury under a charge to which no exception was taken, we might review the facts as well as the law, and set aside the verdict, in the exercise of the power conferred upon the court by sections 329, and 349 of the Code, because the appeal is both from the judgment

and the order denying a new trial. (*Macy* v. *Wheeler*, 30 *N. Y. Rep.* 235. *Parker* v. *Jarvis*, 34 *How. Pr.* 256. *Keyes* v. *Devlin*, 3 *E. D. Smith*, 523. *Pumpelly* v. *Owego*, 13 *Abb.* 387. *Lane* v. *Bailey*, 1 *Abb. N. S.* 407.)

But upon a review of the case, we are unable to say that the evidence is insufficient to warrant the verdict, or that the jury were misled by any misdirection. The jury must have believed the testimony of the plaintiff. Upon this it can hardly be contended that there was not a want of probable cause for the unqualified statement contained in the affidavit, on which the warrant of arrest was issued. The question of malice was properly submitted to the jury. The remarks of the judge, respecting the effect which ought to be given to the advice of counsel, were accurate, and were quite as favorable to the defendants as the evidence warranted. Advice of counsel, given upon a full and fair statement of the case, and acted upon in good faith, is no doubt a good defense to an action for malicious prosecution. The testimony of Mr. Rathbun, the counsel, was that the statement on which his advice was sought and given corresponded in all respects with the facts contained in the affidavit aforesaid. The affidavit states that the plaintiff *falsely* and *fraudulently* represented to the defendants that, &c. The jury have found that there was no probable cause for the accusation of fraud. There is, therefore, no ground for saying that the statement to counsel was fairly made, or that it was in good faith acted upon.

The judgment, and the order denying the motion for a new trial, must therefore be affirmed, with costs.

[DUTCHESS GENERAL TERM, May 10, 1869. *Lott, Gilbert, J. F. Barnard* and *Tappen,* Justices.]