## DAVID W. CHAPMAN

*v.*

## JOHN CAWREY.*

1. MALICIOUS PROSECUTION—*of probable cause—malice.* In an action for malicious prosecution, the doctrine is well settled, that if there be probable cause for the prosecution complained of as malicious, it is immaterial that the prosecutor was actuated by malice.

2. SAME—*when malice may be inferred.* It is also held that malice may be inferred, if there be no probable cause.

---

*This case was accidentally omitted from its proper place in the former part of this volume.

3. SAME—*probable cause defined.* Probable cause is defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offense charged.

4. SAME—*what constitutes probable cause.* In this case, a tenant in possession of premises, returning at night after a temporary absence therefrom, found the entrance closed, and by force removed the obstruction and entered; soon after, his landlord appeared, and in a menacing manner, ordered him to leave the premises. This the tenant refused to do, and told the landlord if he interfered with him he would kill him. The same night, the landlord procured the arrest of the tenant upon a criminal charge based on the foregoing circumstances, and caused him to be at once taken to jail, refusing him the opportunity to obtain bail, and he remained in confinement thirty-six hours, when he was taken before a magistrate, and upon an examination was discharged:· *Held,* in an action by the tenant against the landlord for an unlawful arrest and malicious prosecution, that there was no probable cause for the arrest, and the circumstances indicated malice in procuring it to be made.

5. EXCESSIVE DAMAGES. In such an action, for an unlawful arrest and malicious prosecution, in view of the aggravating circumstances connected with them, one thousand dollars damages are not regarded as excessive, but, on the other hand, are deemed to be moderate.

6. TENANT—*of his right of entry into leased premises.* Although a tenant may be holding over, yet, if, during his temporary absence from the premises, the entrance is closed against him, he has the right to remove the obstruction by force and re-enter, and is not liable to a criminal prosecution for so doing.

7. THREATS—*what constitute.* If a person in the exercise of a right, is approached by another in a menacing manner, and is told if he does the act his menaces indicated, he would kill him, such a declaration, instead of a threat to kill, should be rather regarded as a warning to the other party not to do violence.

8. So, where a tenant, on his return to the premises after a temporary absence therefrom, finding the entrance closed against him, removed the obstruction by force and entered, and after such entry, the landlord appeared, and in a menacing manner ordered him to quit the premises, and the tenant thereupon told him that if he interfered with him he would kill him, such a threat, instead of being a ground for a criminal prosecution, should rather be regarded as preventing a violation of law.

9. INSTRUCTIONS—*need not be repeated.* It is not error to refuse an instruction which embodies the substance of an instruction already given.

10. SAME—*should be based on the evidence.* An instruction may be refused which is not based upon the evidence.

33—50TH ILL.

11. SAME—*abstract question of law.* It is not error to refuse an instruction which contains merely an abstract legal proposition.

12. SAME—*particularizing facts.* A court is not required to repeat an instruction, and in such a manner as to draw the attention of the jury to particular facts.

13. SAME—*argumentative.* Nor is it proper to inject an argument into an instruction.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action on the case, for a malicious prosecution, arrest and imprisonment, and the damages were laid at five thousand dollars.

The appellee had rented certain premises of the appellant for a month, and paid the rent. After the expiration of the term, the appellee was temporarily absent, having left his furniture in the house. Upon his return, Saturday evening, he found it fastened up, whereupon he forced open the door and entered. The appellant, after this entry, ordered the appellee to leave the premises. The appellee refused, and told appellant not to enter, threatening violence to him if he did so. The appellant thereupon made an affidavit to the effect that appellee " did break into the storehouse" of appellant, and " threatened to kill him, if he (appellant) interfered with" appellee. Upon this affidavit a warrant was issued the same (Saturday) night by a justice of the peace, which appellant gave to an officer, and ordered and procured appellee arrested after he had gone to bed, and, without allowing him any opportunity to procure bail for his appearance, had him taken to the county jail and there imprisoned until Monday morning following, when, upon an examination, he was discharged.

Messrs. HATCH & SLADE, for the appellant.

Messrs. TIPTON, BENJAMIN & ROWELL, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action for an unlawful arrest and malicious prosecution, brought to the McLean Circuit Court, by John Cawrey, against David W. Chapman, and a verdict for the plaintiff. A motion for a new trial was overruled, and also a motion in arrest of judgment, and judgment rendered on the verdict.

To reverse this judgment the defendant has appealed to this court, and makes the point, that the evidence does not show the prosecution was malicious, and that it does show there was probable cause.

It is well settled, if there be probable cause for the prosecution, it is immaterial that the prosecutor was actuated by malice, and it is also held that malice may be inferred if there be no probable cause.

Probable cause is defined, by this court, to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged. *Ross* v. *Innis*, 35 Ill. 487.

In examining the testimony on this point, no reasonable ground of suspicion, supported by any circumstances, existed, at the time of this transaction, or linked with it, to warrant a cautious and prudent man to believe that appellee was guilty of any criminal offense in entering the premises in the manner he did. They had been rented to him at a stipulated rent, which he had paid, and if he was holding over after the expiration of his term, that did not warrant appellant in the course he took to regain possession of them. The lessee had left them for a temporary purpose merely, leaving all he had, in them, including the bed on which he slept, and when he returned at night, finding the entrance closed, he had a right to force the obstruction and enter. Such an entry could hardly be deemed burglarious, nor, indeed, did appellant, in his complaint to the magistrate, charge, in terms, the breaking

to be felonious. The most that can be inferred from the complaint was a breach of the peace, accompanied by a threat of homicide. But this threat to kill was conditional—if appellant interfered with him—and that was made after appellee had got into possession of the shop. Such a threat is no ground for a criminal prosecution; on the contrary, it might prevent a violation of law by the party threatened. If a person, in the exercise of a right, is approached by another in a menacing manner, and is told, if he does the act his menaces indicated, he would kill him, such a declaration, instead of a threat to kill, should be rather regarded as a warning to the other party not to do violence. Admitting the breaking and entering the shop of appellee was, under the circumstances, a technical breach of the peace, did it justify appellant in arresting him, in the manner he was arrested, at midnight, asleep in his bed on the premises, and conveyed two miles to a prison, there confined thirty-six hours, and on a hearing discharged, and an opportunity refused him, before he was taken off, to go a few rods to obtain bail?

Why these harsh and hasty proceedings against him at that unusual hour of the night, of all which appellant was the causeless instigator, and in all which he was such an active participant? It is not pretended there was any danger plaintiff would escape, and thus avoid the punishment due him for taking possession of premises he had rented, if any could be inflicted for such an act. Malice, on the part of appellant, crops out in every part of this transaction—a wicked desire to subject the appellee, not only to great annoyance, but to the disgrace of being taken to the county jail, a place not usually a fit receptacle for a convicted criminal, is very manifest. Appellant well knew there was no necessity for such harsh proceedings. He knew he could recover possession of the premises, if unlawfully withheld, by a civil action and in due course of law. Why, then, at such an hour of the night of Saturday, resort to this criminal proceeding, deny him an opportunity to get bail for his appearance on Monday, if it

was not from a wicked desire to jail him, and in this way punish him for his supposed wrong and aggression?

We fail to see one single circumstance in the case tending to exonerate appellant from the imputation of malice, they all conspiring to fix that charge upon him most unmistakably.

Were, then, the damages excessive? One thousand dollars in a case like this, so far from being outrageously excessive, as claimed by appellant, are moderate. In the case of *Reno* v. *Wilson*, 49 Ill. 95, in a case for a causeless arrest on a charge of larceny, on which the plaintiff had been arrested and imprisoned some twenty-four hours, this court refused to set aside a verdict according the plaintiff seventeen hundred dollars damages. The circumstances attending the arrest and prosecution in that case, saving and excepting the nature of the charge, were not so aggravated as in this case, but we put the case on the high ground of the inviolability of personal rights; on the enormity of resorting to criminal process when no crime was committed and no just suspicion of one; on the right which every man has, no matter how humble, to the protection of the laws, and to invoke them when they are violated in his person.

Appellant makes the further point, that plaintiff's instructions should not have been given. They are as follows, and embody the law of the case on the point contained in them:

"The court instructs the jury, on behalf of the plaintiff, that if they believe, on the evidence, that the defendant maliciously caused the arrest and imprisonment of the plaintiff without a probable cause, as alleged in the declaration, they will find for the plaintiff, and may assess his damages at what they may think proper from the circumstances of the case, not exceeding the sum of $5,000.

"The court further instructs the jury, that if they believe, from the facts and circumstances as given in evidence, that the defendant had not a probable cause for the prosecution, they may infer malice from such want of probable cause.

"The court further instructs the jury, that to constitute a probable cause for a criminal prosecution there must be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."

The court gave seven instructions for the defendant, which fully embodied the law on his side of the case, the fourth of which was as follows:

"If the jury believe, from the evidence, that the defendant honestly believed that the plaintiff had committed a crime, breach of the peace, or misdemeanor, or had threatened to commit a crime, misdemeanor, or breach of the peace, and if defendant's belief was founded on circumstances tending to show that he had committed, or was about to commit, such offense, such belief, so founded, negatives the idea of want of probable cause for the prosecution, and the jury will find for the defendant."

The court then refused the following, of which refusal appellant complains:

"8. If the jury believe, from the evidence, that the plaintiff violently broke and entered the defendant's storehouse, where he had no rights, that was a breach of the peace for which he was liable to arrest and punishment; and if the jury find, from the evidence, that defendant honestly believed that plaintiff had no right to so break and enter said storehouse, and that his said belief was founded on circumstances tending to show a reasonably prudent man that plaintiff had committed such offense, this constituted probable cause, and the jury will find for the defendant.

"9. If the jury believe, from the evidence, that the plaintiff's character for sobriety, respect for law, and propriety of

conduct as a citizen, is bad; and, if they further believe, that defendant sustains a good character in those respects, this is evidence tending to show that defendant had probable cause for making the affidavit.

"10. The court further instructs the jury, that it is the duty of every citizen to aid in bringing criminals to justice by giving information and testifying before the proper magistrate relative to any crime or misdemeanor that may have been, or is about to be, committed; and it is not the policy of the law to subject persons who have in good faith, without malice and with probable cause, entered complaint against a supposed criminal, to inconvenience and expense of defending suits for malicious prosecution, because of such legitimate discharge of their legal obligations and duties.

"11. If the jury believe, from the evidence, that the plaintiff threatened to kill the defendant, or do him some serious bodily harm, if he interfered with plaintiff while he was making violent entry into defendant's storehouse, or after plaintiff had made such entry, and the defendant had previously taken peaceable possession of such storehouse and closed it; and if it appear, from the evidence, that the defendant honestly believed that plaintiff had no right to enter such storehouse, and if such belief was founded on such facts or circumstances tending to show that such belief was correct; and if the jury believe, from the evidence, that the threats so made by plaintiff were such, considering all the circumstances and the character and condition of the plaintiff, as would naturally excite the fear of an ordinary man, and lead him to fear that plaintiff would do him some bodily harm, this is probable cause, and the jury will find for the defendant."

The objections to these instructions are quite obvious, and, moreover, so far as the eighth is concerned, the court, in the fourth instruction, as above, had given the law on the point, more favorably than the defendant claims in this instruction.

As to the ninth, there was no evidence before the jury of defendant's character in any respect.

The tenth instruction contains merely an abstract legal proposition, which, as we have often held, there could be no error in refusing.

As to the eleventh instruction, the point of it was contained in the fourth, and the court was not required to state it again, and in such a manner as to draw the attention of the jury to particular facts, nor is it proper to inject into it an argument, as this seems to do, and the court properly refused it.

Upon the whole record, we are of opinion substantial justice has been done, and no such errors have occurred in the rulings of the court, on the evidence or otherwise, as would justify the interference of this court.

The judgment must be affirmed.

*Judgment affirmed.*