## J. C. RAMSEY ET AL. v. JAS. B. ARROTT.

(Case No. 5290.)

1. MALICIOUS PROSECUTION — MALICE — PROBABLE CAUSE. — To sustain an action for malicious prosecution the plaintiff must establish the existence of malice, and the want of probable cause. Circumstances attending the prosecution may be of such a character as to satisfy the mind that the party was actuated by wrongful motives in conducting the prosecution. This wrong motive, coupled with a wrongful act wilfully done to the injury of another, constitutes legal malice, and its existence may be established by circumstantial evidence.

2. SAME. — Probable cause is "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." Following 24 How., 545.

3. SAME. — In deciding upon the existence of probable cause, the prosecutor's belief in the guilt or innocence of the party cannot be considered, nor does the existence of such facts as might influence his judgment have any weight, but the test is the effect they might have upon the judgment of others. When the facts are not contested and the evidence not contradictory, the question of probable cause is a matter of law to be decided by the court; otherwise it is a mixed question of law and fact to be decided by the jury.

4. ADVICE OF COUNSEL. — Evidence that an attorney, upon a full and fair presentation of the facts, advised the prosecution, is entitled to be considered in

the determination of the issue of malice, but such evidence does not establish the existence of probable cause; such evidence is admissible as tending to establish good faith, and to repel any inference of malice deducible from circumstances showing a want of probable cause. A resort to professional advice, under certain circumstances, might be sufficient to establish good faith and repel any inference of malice, but it does not necessarily constitute a conclusive presumption against the existence of malice. (See cases cited in opinion.)

5. PROBABLE CAUSE.— See facts in the opinion held sufficient to establish probable cause for a prosecution.

APPEAL from Llano. Tried below before the Hon. Jno. C. Townes.

Suit brought by James B. Arrott against W. W. Parks, James C. Ramsey and William Ramsey on the 24th of April, 1880.

On December 12, 1881, the plaintiff filed an amended original petition, and on June 17, 1884, filed another amended original petition in which he alleged that the defendants, James C. Ramsey and William Ramsey, maliciously contriving to injure plaintiff, destroy his character, and expose him to trouble, cost and charges, did, on or about the 6th day of April, 1880, falsely and maliciously, and without probable cause, complain to John C. Oatman, who at that time was county judge of Llano county, that on or about January 22, 1880, plaintiff did wilfully and wantonly, in the county of Llano, and state of Texas, kill about five hundred head of sheep, the property of F. M. Ramsey & Bro., with intent to injure the owners thereof, and thereby caused plaintiff to be apprehended and held before the county judge to answer the charge; that defendants appeared and prosecuted the charge, and by reason of the prosecution plaintiff was held and bound to appear at the next succeeding term of the district court of Llano county to await and answer the action of the grand jury of that county upon the charge, and the court having convened, and the grand jury having failed to present any bill against plaintiff charging him with the offense, he was by the court duly discharged before the filing of this suit, and that the prosecution is, and was at an end before the filing of this suit. That by reason of the prosecution plaintiff was, by virtue of a warrant issued by the county judge, arrested and confined in the county jail of Llano county for forty-eight hours, causing him great humiliation and mental and physical suffering. That by reason of the malicious prosecution plaintiff sustained damage on account of physical and mental sufferings in the sum of $5,000, which he claims as actual damages, and claims the further sum of $4,000 as exemplary damages. Plaintiff also claims special damages to the amount of $54. The petition alleges that defendants reside in San Saba

county, but at the time of the institution of the suit resided in Llano county.

On June 17, 1884, the defendants, James C. Ramsey and William Ramsey, filed their amended original answer, as follows:

First. That at the time of the commencement of the suit, and ever since that time, the defendants had resided in San Saba county and not in the county of Llano. This plea was made under oath.

Second. General exceptions.

Third. A special exception that it appeared from plaintiff's amended petition that his cause of action, if any he had, accrued more than one year before the same was sued on or pleaded in this cause.

Fourth. Special exceptions to plaintiff's claim for special damages.

Fifth. General denial.

On June 18, 1884, defendants' special exception to so much of plaintiff's petition as claims special damages was sustained and the other exceptions were overruled. The case was tried by a jury on June 18, 1884, the plaintiff dismissed as to defendant Parks, and the jury returned a verdict for plaintiff for $2,750 actual damages, and $1,000 exemplary damages.

*J. C. Matthews* and *F. D. Wilkes*, for appellants, cited: Clark *v.* Cleveland, 6 Hill, 344; King *v.* Prichard, 1 Keble, 525; Queen *v.* Banks, 6 Mod., 246; Potter *v.* Casterline, 12 Vroom, 22, and cited in note to Graves *v.* Dawson, 39 Am. Rep., pp. 432, 433; Griffin *v.* Chubb, 7 Tex., 603; McNese *v.* Herring, 8 Tex., 151; notes to Sharp *v.* Johnson, 21 Am. L. Reg., 582 to 588; 2 Addison on Torts, sec. 853, note, 858 and sec. 881; Goodrich *v.* Warner, 21 Conn., 435, 443; 1 Hilliard on Torts, pp. 220, 416, 417, 420, 421, 428 to 430, 437; Laughlin *v.* Clarkson, 27 Pa. St., 330.

*H. E. Barnard*, for appellee, cited: Raleigh *v.* Cook, 60 Tex., 442; Potter *v.* Casterline, Cent. Law Jour., vol. 9, p. 63 (from supreme court of New Jersey, February term, 1879); Schoonover *v.* Myers, 28 Ill., 308; Williams *v.* Warnell, 28 Tex., 610; Warner *v.* Bailey, 7 Tex., 519; Heslop *v.* Chapman, 22 Eng. L. & E. Rep., 296.

WATTS, J. COM. APP.— To sustain an action to recover damages for a malicious prosecution, the burden is upon the plaintiff to establish the existence of malice in putting the prosecution upon foot, and the want of probable cause for so doing.

The best approved definition of malice, as used in its legal sense,

is that given in 2 Greenleaf's Evidence, sec. 453, as follows: "Any unlawful act, done wilfully and purposely, to the injury of another, is, as against that person, malicious."

It is often said that malice may be inferred from circumstances; this means that the circumstances attending the prosecution may be such as to satisfy the mind that the party was actuated by wrongful motives in the institution and continuance of the prosecution. This wrong motive, coupled with a wrongful act wilfully done to the injury of another, constitutes legal malice; and may be established as well by circumstantial as direct evidence. The existence or non-existence of malice is a question of fact to be determined from a consideration of the evidence.

Even though malice may be established, yet it will not, unaided, support the action. There must be a want of probable cause concurring with the malice, before a recovery can be had.

Among the very best definitions given of probable cause, the absence or want of which is essential in actions for malicious prosecution, is that by the supreme court of the United States in Wheeler v. Nesbitt, 24 How., 545, and which is, "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted."

From this definition it is apparent that the existence or non-existence of probable cause does not depend upon the prosecutor's belief of the party's guilt or innocence, or the existence of such facts and circumstances as might influence his judgment, without regard to the effect it might have upon the judgment of others.

Ordinarily probable cause is a question of law. Greenwade v. Mills, 31 Miss., 464; Cloon v. Gerry, 13 Gray, 201; Chapman v. Cowrey, 50 Ill., 512; McWilliams v. Hoban, 42 Md., 56; Masten v. Deyo, 2 Wend., 424; Sweet v. Negus, 30 Mich., 406.

When the facts are not contested, and there is no conflict in the evidence directed to that issue, the question of probable cause is a matter of law which is to be decided by the court.

But when the facts are contested, or there is a conflict of evidence, then it becomes a mixed question of law and fact, and must be submitted to the jury for determination upon appropriate instructions as to the principles of law, by which the jury is to be governed in the investigation. Driggs v. Burton, 44 Vt., 124; Heyne v. Blair, 62 N. Y., 19; Humphries v. Parker, 52 Me., 502; Cole v. Curtis, 16 Minn., 182.

In respect to the advice of counsel as a matter of defense in this character of cases, some confusion is found in the books. Evidence that the facts upon which the party proceeded in instituting and continuing the prosecution were submitted to an attorney, who, upon a consideration of all the facts, fully and fairly presented, without any reservation whatever, advised that they were sufficient to authorize the prosecution, is entitled to consideration in the determination of the issue of malice. But such evidence does not establish the existence of probable cause. Where good faith upon the part of the prosecutor is shown, malice cannot be inferred. Hence such evidence is admissible as tending to establish good faith upon the part of the prosecutor, and to repel any inference of malice that might be deduced from circumstances showing a want of probable cause.

In Stanton v. Hart, 27 Mich., 539, in reference to this character of evidence it was remarked, " When a person resorts to the best means in his power for information, it will be such a proof of honesty as will disprove malice and operate as a defense proportionate to his diligence."

It is not true, however, that a resort to professional advice constitutes an independent and substantive defense to the action for malicious prosecution. The defense is that the prosecution was instituted and continued in *good faith* by the prosecutor, and such evidence is admissible as tending to establish that defense. A resort to professional advice, under certain circumstances, might be sufficient to establish good faith, and repel any inference of malice, but it does not necessarily constitute a conclusive presumption against the existence of malice. Kimball v. Bates, 50 Me., 308; Brown v. Randall, 36 Conn., 56; Ames v. Rathbun, 55 Barb., 194; Glascock v. Bridges, 15 La. An., 672; Prough v. Entriken, 11 Pa. St., 81; Krug v. Ward, 77 Ill., 603.

It is asserted that the evidence disclosed by the record established probable cause for the prosecution of Arrott, and also disproved malice upon the part of appellants.

This evidence confessedly shows that a most flagrant violation of the penal laws of the state had been committed under the cover of night, which resulted in a most wanton and malicious destruction of the property of appellants.

There was evidence in which there was no conflict, that appellants had been informed by different persons who assumed to know, that appellee was one of the parties who committed the atrocious and inexcusable offense. Some of the persons from whom they derived

this information claimed to have participated in killing the sheep. They were also informed by the sheriff of the county that he had talked with appellee and Lankford, and that he was satisfied they were with the party and participated in killing the sheep. It was upon this information that they acted in setting on foot the prosecution against appellee.

Evidently the facts and circumstances shown by the evidence are quite sufficient to induce a man of ordinary caution and prudence to honestly believe appellee guilty of the offense.

Besides it appears that, when arraigned under the complaint before the examining court, appellee waived an examination. This he attempts to explain by showing that his attorney advised him to do so, as the district court would soon convene. But that both attorney and client may have been induced to adopt this course by other considerations than the early convening of the district court is altogether consistent with the evidence. Witnesses that may have been present at that time had abandoned the country when the district court convened. It is hardly reasonable to assume that conscious innocence would ordinarily, for so slight reason, for the time, accept the suspicious of guilt which might be supposed to arise from the course adopted.

This conclusion renders it unnecessary to consider the other questions presented by the assignment of errors.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted June 5, 1885.]