Edd JOHNSTON, Appellant,

v.

ZALE CORPORATION and Morris Hassan,
Appellees.

Supreme Court of Tennessee.

Sept. 5, 1972.

Eugene Jackson, Robert L. Jackson, Nashville, for appellant.

Gracey, Buck, Maddin & Cowan, Nashville, for appellees.

## OPINION

ERBY L. JENKINS, Special Justice.

The plaintiff in the Circuit Court, Edd Johnston, sued the defendants for malicious prosecution. The trial court sustained a motion to dismiss and the plaintiff has appealed.

The pertinent portions of the complaint read as follows:

"4. On or about September 2, 1971, the defendant, Zale Corp., had certain problems in obtaining a correct balance at their Murfreesboro store. A representative of the home office of the defendant came to Nashville and relieved plaintiff from his work with Zale's. Then, some two weeks later, the Zale Corp. instructed the defendant, Morris Hassan, to cash a check in the amount of $218.86 made payable to Zale's Corp. and signed by the Plaintiff, Ed Johnston. This check was dated August 4, 1971. The check was submitted to the bank, but was not honored by the plaintiff's bank. In the in-

terium, and before the presentation of the check to the bank, plaintiff had seen fit to direct his bank to stop payment on the check. Thereafter, the defendant, Hassan, on instructions of an officer of his co-defendant, Zale Corp., went to the Court of General Sessions and obtained a State Warrant charging plaintiff with fraudulently obtaining property subject to larcency (sic) and/or money and/or credit by the means of a worthless check in the amount of $218.86. The warrant was taken out by the defendants on October 7, 1971.

"6. The plaintiff was ordered to appear in the General Sessions Court of Davidson County, on October 13, 1971 when the defendant, Hassan, appeared to prosecute him on the charge. Demanding a preliminary hearing to which he was entitled, plaintiff was cited by the Court to reappear on November 3, 1971. At that time, the attorney general for the State of Tennessee introduced the defendant, Morris Hassan, who testified in an effort to have plaintiff bound over to the Grand Jury for criminal prosecution on this felony charge. After the preliminary hearing, the General Sessions Judge determined there was no reasonable or probable cause for the prosecution of plaintiff, and the defendants' charge against him was thus dismissed.

"7. Plaintiff would state to the Court that he has not been guilty of any criminal offense, especially that of obtaining money or property or credit fraudulently by the issuance of a worthless check. That the defendants knew this or in the exercise of proper care should have known this, but they maliciously, knowingly and without probable cause aided, abetted and procured his arrest causing him to be charged with a serious crime, punishment for which is set at three to ten years in the state penitentiary.

"8. That in furtherance of their willful, malicious act and being fully aware of the fact that plaintiff was not guilty of

the crime for which he was charged, the defendant, Zale Corp., procured its employee, Morris Hassan, to appear in court and falsely charge that plaintiff was guilty of a crime which he had not committed. When they had an opportunity to drop these charges and direct the release of plaintiff, the defendants caused the continuance of the prosecution and plaintiff was required to appear the second time in the General Sessions Court of Davidson County."

To this complaint the following motion was filed:

"Come the Defendants and move the Court to dismiss the above-styled cause for failure to state grounds upon which relief can be granted, in that Section 39–1960, Tennessee Code Annotated, provides that the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence and create a presumption of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank and the Plaintiff herein has not alleged any facts sufficient at law to overcome this presumption of fraud on the part of the Plaintiff."

■ It is apparently the defendants' position, evidently accepted by the trial court, that the presumption provided for by T.C.A. § 39–1960 establishes in some manner a prima facie defense to the plaintiff's action. Any such construction of this statute is, in our view, erroneous.

T.C.A. § 39–1959, the criminal statute under which plaintiff was prosecuted, provides that:

"It shall be unlawful for any person with fraudulent intent to make or draw or issue or utter or deliver any check, draft, or order for the payment of money drawn on any bank, corporation, firm or person for the purpose of obtaining money, or any article of value, or to obtain credit, knowing at the time of mak-

ing, drawing, uttering or delivering said draft, check or order that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank, corporation, firm or person, for the payment of such check, or draft, or order in full, and all other checks, drafts or orders upon such funds then outstanding."

T.C.A. § 39–1960, relied upon in the defendants' motion, provides:

"As against the maker, or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence and create a presumption of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank, corporation, firm or person, provided such maker or drawer shall not have paid the holder thereof the amount due thereon within five (5) days after receiving notice that such check, draft or order has not been paid by the drawee."

This statute, T.C.A. § 39–1960, simply creates, when the conditions for its applicability are met, a presumption as to the existence of two of the elements of the crime defined by T.C.A. § 39–1959, for under that statute it must also be shown that the purpose of the check was to obtain "money, or any article of value, or to obtain credit . . ."

■ No presumptions arise until "(a) [the] check, draft or order is not honored when presented for payment and (b) the maker or drawer fails or refuses to pay the holder thereof the amount due thereon within five (5) days after receiving the notice of dishonor." Smithson v. State, 222 Tenn. 499, 506, 438 S.W.2d 61, 64 (1969). We note that no showing of notice of dishonor is made in this record.

■ Moreover, even if the effect of T.C.A. 39–1960 were to create such a presumption of guilt, it would avail the defendants nothing. The plaintiff's complaint alleges that the defendants instituted

against him a criminal proceeding which terminated in his favor, and that they did so maliciously and without probable cause, knowing that he was not guilty of the offense for which he was prosecuted. These allegations, of course, make out an action for malicious prosecution. See Kauffman v. A. H. Robbins Company, 223 Tenn. 515, 448 S.W.2d 400 (1969); Lawson v. Wilkinson, 60 Tenn.App. 406, 447 S.W.2d 369 (1969); 54 C.J.S. Malicious Prosecution § 1, at 951; Prosser, Torts, § 119 (4th Ed. 1971). It is apparently the defendants' position that the presumption upon which they rely in their motion established a prima facie case of the plaintiff's guilt, which, as a matter of law, constituted probable cause for their prosecution of the criminal proceeding. This position is untenable. However valuable such a presumption might be in an attempt to prove plaintiff's guilt of the offense, it has nothing specifically to do with the issue of probable cause.

 "The requisites of 'probable cause' for prosecution are: (1) *accuser must believe accused did the act charged*; (2) such belief must be reasonable . . . ." (Emphasis added.) Dunn v. Alabama Oil & Gas Co., 42 Tenn.App. 108, 299 S.W. 2d 25, 27–28 (1957).

Obviously, no matter with what statutory presumptions defendants may have armed themselves, if, as alleged, they knew plaintiff was not guilty of the crime charged, they could not hide behind this Statute for they could have had no probable cause for instituting the criminal proceeding against him. See Prosser, Torts, § 119 at 841–42 (4th Ed.1971). The Statute upon which the defendants rely is not a sanctuary or refuge for those who are in bad faith in instituting criminal process.

One further matter must be noted. It is contended by the defendants they may also rely on T.C.A. § 39–1967, which provides that:

"In the event of the existence of prima facie evidence of fraudulent intent as above defined and notice given hereunder, if required, any person, firm or corporation causing the arrest of the drawer of such check, draft or order shall not be criminally or civilly liable for false arrest or false imprisonment."

While other arguments against the applicability of this Statute to the present case have been advanced, we are content simply to say that by its very terms it has no application to actions for malicious prosecution. If such were the law, it would serve as a shield for those bent upon harassment or revenge. This is not the purpose nor the intent of this Statute.

From all of the above, it follows that the judgment of the court below must be reversed, and the case remanded for proceedings not inconsistent with this opinion.

DYER, C. J., and CHATTIN and McCANLESS, JJ., concur.

CRESON, J., not participating.