**Freddie Jean BROWN, Appellant,**

**v.**

**PARRATA SALES, INC., et al., Appellees.**

**No. 18484.**

Court of Civil Appeals of Texas, Dallas.

Feb. 20, 1975.

Rehearing Denied March 27, 1975.

James Behan, Behan & Leech, Grand Prairie, for appellant.

James A. Ellis, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellees.

GUITTARD, Justice.

Freddie Jean Brown sued Parrata Sales, Inc. and its president, Glenn Hughes, for malicious prosecution arising from plaintiff's arrest on a charge of passing a worthless check.[1] The trial court granted defendants' motion for summary judgment, and plaintiff appeals on the ground that a fact issue was presented as to whether defendants had probable cause for initiating the criminal prosecution. We reverse and remand.

The principal question is whether defendants have established probable cause as a matter of law by showing that plaintiff failed to pay the amount of the check after notice that payment had been refused by the bank. Defendants rely on the statute in force at the time of delivery of the check, which provided that failure to pay the check under such circumstances "shall be prima facie evidence of intent to defraud and of [personal] knowledge of insufficient funds." Tex.Laws 1951, ch. 305, § 2, at 497; as amended Tex.Laws 1965, ch. 662, § 1 at 1521 (herein referred to as article 567b, § 2, as designated in the codification now repealed). We hold that the presumption created by this statute does not dispense with the necessity of summary-judgment proof to establish probable cause as a matter of law.

Since lack of probable cause is an essential element of the tort of malicious prosecution, the defendants are entitled to summary judgment if they have shown that they had probable cause as a matter of law. Parker v. Dallas Hunting and Fishing Club, 463 S.W.2d 496, 499 (Tex.Civ.App.—Dallas 1971, no writ). Probable cause is defined as "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." Ramsey v. Arrott, 64 Tex. 320, 323 (1885). Two of the essential elements of the offense of passing a worthless check are intent to defraud and knowledge of insufficient funds in the bank to cover the check.[2] Consequently, defendants had the burden, on their motion for summary judgment, to establish as a matter of law that they had reasonable grounds to believe that plaintiff had given them a check with intent to defraud and with knowledge that she had insufficient funds in the bank to cover it. We hold that the summary-judgment proof before the trial court failed to negate a fact issue on this point.

The summary-judgment proof consists of the depositions of plaintiff and of defend-

---

1. Plaintiff also sued for slander, but her counsel stated in oral argument that he was withdrawing that part of the litigation.

2. Former article 567b, § 1, which was in force at the time in question, defined the offense as follows:

    It shall be unlawful for any person or firm to make, draw, utter or deliver, or to cause or direct the making, drawing, uttering or delivering, *with intent to defraud,* any check, draft or order for the payment of money on any bank, person, firm or corporation knowing that the maker, drawer or payor does not have sufficient funds in or on deposit with such bank, person, firm or corporation for the payment in full of such check, draft or order, as well as all other outstanding checks, drafts or orders upon such funds then outstanding. [Emphasis added.] Tex.Laws 1951, ch. 305, § 1, at 497. *Cf.* Tex.Penal Code Ann. § 32.41(a) (Vernon 1974).

ant Hughes, from which the following summary is taken. Defendant Parrata Sales, Inc. is a distributor of Tupperware kitchen products. Plaintiff Brown became a Tupperware dealer in April 1972. Her responsibility was to exhibit Tupperware products at home shows, which she organized. She would take orders at these shows, submit the orders to defendant Parrata, receive the goods ordered on consignment, deliver them to the buyers, and collect the purchase price. Then she would pay Parrata for the goods.

On November 25, 1972, plaintiff received from Parrata goods valued at $243.57, and on December 3, 1972, she received goods valued at $35.81. On December 18 she delivered two checks to defendant Hughes, one for $231.55 (after deducting $11.70 for goods returned), and another for $35.81. The smaller check was paid, but the check for $231.55 was twice dishonored by the bank for insufficient funds.

According to plaintiff's testimony, after receiving a postcard notice that the check was insufficient, she called Hughes by telephone in February 1973, and again in March 1973, asking for an extension of time within which to make payment. She also suggested that she be allowed to pay the debt by holding further Tupperware shows and relinquishing her profits to Parrata. Hughes testified that he did not recall any conversations with plaintiff and remembered only written communications. He also testified, however, that on pre-

vious occasions when plaintiff's checks had been dishonored, she had made them good. He also said that collections from plaintiff had been "slow," but that he did not feel at any time before he received this particular check on December 18, 1972, that plaintiff was trying to defraud defendants.

After plaintiff's two conversations with Hughes, she received from defendant a registered letter stating that if the debt were not satisfied in ten days the matter would be referred to the district attorney. When payment was not made within that time, Hughes made a complaint to the district attorney charging plaintiff with violation of article 567b. As a result of this complaint, plaintiff was arrested and jailed until she was released on bond.[3]

Defendants contend that probable cause is established as a matter of law because they had knowledge of facts that would satisfy the elements of a prima facie case under former article 567b, § 2.[4] We disagree. Although in a criminal trial, proof of failure of the accused to pay the check after notice of its dishonor may be prima facie evidence of intent to defraud, and may raise a similar presumption at a trial of a malicious prosecution action, such proof is not sufficient to establish probable cause as a matter of law on motion for summary judgment. The presumption of intent to defraud is rebuttable. If Hughes knew of facts that would rebut the presumption, he did not have probable

---

3. Although the record indicates that the criminal action was still pending when the motion for summary judgment was heard, we cannot affirm the summary judgment on the ground that the prosecution had not terminated in plaintiff's favor, since that ground was not specified in the motion for summary judgment. Texas Rules of Civil Procedure, rule 166–A(c).

4. This statute created a presumption in the following language:
Failure on the part of the maker or drawer thereof or the person causing the mak-

ing, drawing, uttering or delivering of any check, draft or order, payment of which has been refused by the drawee, to pay the holder thereof the amount due thereon within ten (10) days after receiving notice that such check, draft or order has not been paid by the drawee, shall be prima facie evidence of intent to defraud and of [personal] knowledge of insufficient funds in, or on deposit with such bank, person, firm or corporation. Tex.Laws 1951, ch. 305, § 2, at 497; as amended Tex.Laws 1965, ch. 662, § 1 at 1521. *Cf.* Tex.Penal Code Ann. § 32.41(b) (2) (Vernon 1974).

cause for prosecution. *See* Johnston v. Zale Corp., 484 S.W.2d 531, 532 (Tenn. 1972). The summary-judgment proof here does not show whether he had knowledge of such rebutting facts. So far as his deposition shows, he may have known of facts which would have established that plaintiff was entirely innocent of fraudulent intent. The statutory presumption concerning the plaintiff's intent does not discharge defendant's burden on motion for summary judgment to establish their lack of knowledge of such rebutting facts.

Moreover, the evidence raises a fact issue as to whether defendants had such knowledge, since it shows that Hughes knew that plaintiff had a business relationship with defendants, which she desired to continue, that she had made her previous insufficient checks good, that only one of the two checks given on this occasion was not paid, and that plaintiff had indicated to him in two telephone conversations that she desired to pay this particular check. This evidence would be sufficient to support a jury finding that a reasonable mind, acting on the facts and circumstances known to defendants, would have believed that plaintiff had no intent to defraud, but rather intended to pay the debt when she delivered the check. Consequently, the summary judgment was erroneous.

Defendants also contend that Hughes merely made an honest statement of the facts to the district attorney, and argue that a person is not liable for malicious prosecution if he has done nothing but make a complete and honest statement to a public officer, who has initiated the prosecution on the basis of such a statement. In support of this argument, they cite J. C. Penney Co. v. Reynolds, 329 S. W.2d 104 (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.). We cannot accept this contention because defendants failed to establish what information Hughes gave the district attorney. We do not know whether he related all the facts within his knowledge that would bear on the question

of intent to defraud. In the absence of summary-judgment proof in this respect, the rule in J. C. Penney Co. v. Reynolds, *supra,* has no application.

Reversed and remanded.