The Drainage Commissioners of District No. 3, etc.

v.

The Illinois Central Railroad Company.

*Filed at Ottawa October 11, 1895.*

1. Drainage—*benefits to railroad right of way is for the jury.* The question of benefits to a railroad right of way by a drain for which an assessment is made, in a drainage case, is, under the Drainage act, for the jury to determine.

2. Same—*what may be considered as affecting benefits—railroad property.* The effect of a drain to reduce the volume of water on a railroad right of way, so as to permit the maintenance of a smaller bridge opening, may be considered in determining the question of benefits by the drainage to the railroad property.

3. Trial—*instruction as to benefit to railroad right of way.* An instruction that "it does not follow, as a matter of law, that because farm lands may be benefited by drainage work that therefore the right of way of a railroad company is also benefited," is wrong, both in form and substance.

4. Same—*benefits to tracks as well as right of way—instruction.* Instructions requiring the jury to find that a railroad track, as well as the right of way, is benefited by drainage, are erroneous.

5. Same—*argumentative instruction not proper.* Instructions which are argumentative, or which single out for special comment particular portions of the evidence, are erroneous.

6. Same—*reference in instruction to part, only, of evidence.* An instruction which states that a certain conclusion does not follow, as a matter of law, from one item of evidence or one fact disclosed by the evidence, is calculated to mislead and confuse the jury.

Craig, C. J., and Wilkin, J., dissenting.

Writ of Error to the County Court of Iroquois county; the Hon. M. H. Evans, Judge, presiding.

This is a writ of error, issued from this court for the purpose of reviewing a judgment rendered by the county court of Iroquois county based upon the verdict hereinafter mentioned. Plaintiffs in error, drainage commissioners of drainage district No. 3 of Danforth township, Iroquois county, levied a special assessment upon the right of way of defendant in error, the Illinois Central

Railroad Company, in section 19, township 27, north, range 14, west, in said county, for the sum of $255.62, under the provisions of what is known as the Farm Drainage act, being the act of June 27, 1885, entitled "An act to provide for drainage for agricultural and sanitary purposes," etc.    (3 Starr & Cur. Ann. Stat. p. 441).    The defendant in error took an appeal to the county court under section 27 of the act. (Id. p. 451). A trial was had before a jury, who returned a verdict, finding that "the track and right of way" of said company in section 19, etc., would not be benefited by the proposed drainage work of said drainage district; and thereupon the county court, after overruling a motion for a new trial made by the district, rendered judgment "that no tax be assessed against the track and right of way" of said company in said section 19, etc., and for costs against the district. The judgment so rendered is the judgment here sought to be reviewed.

The evidence shows, that the right of way of defendant in error crosses the district from north to south in section 19, the northern and southern boundary lines of section 19 being the boundary lines of the district at that place; that the right of way is crossed almost at right angles in said section by a small stream called Prairie creek, over which the company had theretofore constructed a bridge or culvert with an opening; that this bridge and opening have been maintained for many years for the passage of the water from the west to the east; that a short grade furnishes the approach to the bridge from the north and the south; that the commissioners propose to construct an open drain or ditch beginning east of the right of way, thence following the general course of the creek in a westerly direction, crossing the right of way at the bridge, and thence proceeding to the west boundary of the district.

The court gave on behalf of the railroad company thirteen instructions of which those numbered 6, 8, 9 and 16 are as follows:

6. "The court instructs the jury that in determining the question of benefits to be conferred, if any, upon the right of way in section 19 in question, by the proposed ditches, you have a right to take into consideration the object and purpose for which the right of way is used and required to be used under the law; also whether or not the right of way is sufficient to properly carry on the business of the defendant regardless of the drains proposed to be constructed by the district; also whether or not the right of way is in need of any drainage, and whether or not the grade of the defendant upon which the track is situated will be benefited by additional drainage, and from these and all of the other facts and circumstances in evidence say whether or not the track and right of way will be benefited by the proposed drainage."

8. "The court instructs the jury that it does not follow, as a matter of law, that because farm lands may be benefited by drainage work that therefore the right of way of a railway company is also benefited. The nature and character of the soil and situation of the ground and structures upon it, and the use to which it is put and required to be put, are proper to be considered, with the other facts and circumstances in evidence, in determining whether or not it will be benefited.

9. "The court instructs the jury that it is the duty of a railway company to provide sufficient openings in its grade or embankments for the passage of such waters as may be brought upon the right of way from lands above, so that the lands lying above will not be injured by reason of such waters being unable to pass through the grade or embankment; and in this case you have a right to take this into consideration, with the evidence in the case, in determining how large an opening or bridge the defendant should maintain."

16. "The court instructs the jury that it does not follow, as a matter of law, that because the drainage district proposes to widen and deepen Prairie creek across

the right of way of the defendant that the right of way
will be thereby benefited.  The question as to whether
or not the right of way will be benefited is one of fact,
for you to determine under the evidence and the instruc-
tions of the court as to the law."

S. S. CONE, and KAY & KAY, for plaintiffs in error.

FREE P. MORRIS, and F. L. HOOPER, for defendant in
error:

The question is one of fact, which, from its speculative
nature, is peculiarly within the province of the jury to
determine.  *Mascall* v. *Drainage District*, 122 Ill. 624.

It is the duty of those changing or restraining the flow
of water to provide against the consequences that will
result.  *Railway Co.* v. *Ramey*, 139 Ill. 9; *Railway Co.* v. *Thill-
man*, 143 id. 138.

There is no legal obligation resting upon defendant
to remove stagnant water, naturally collected.  6 Am. &
Eng. Ency. of Law, 15.

Irrespective of the evidence, this alleged benefit is
entirely too remote and conjectural.  *Rich* v. *Chicago*, 152
Ill. 31; *Railroad Co.* v. *Chicago*, 149 id. 461.

By the terms "track" and "right of way" the jury would
ordinarily understand all of the land within the enclosure
of the right of way, including embankment, bridges and
other superstructures upon it; and such has been held to
be their legal meaning.  *Railroad Co.* v. *People*, 129 Ill. 577,
and cases cited; Anderson's Law Dic. 1108.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

It is strenuously contended in this case by counsel for
plaintiffs in error, that the verdict is against the weight
of the evidence, and that there is not sufficient evidence
to sustain it.  If this were the only objection urged
against the judgment of the county court, we should not
be inclined to disturb it.  Section 27 of the Drainage act

of June 27, 1885, provides, that "the appeal shall be upon the ground only that such tax is a greater amount than the benefits to accrue to the land in question by the proposed drainage." (3 Starr & Cur. Stat. p. 451). Where a land owner appeals to the county court from an assessment under that section, he is entitled to a trial by jury on the question whether his land will be benefited by the proposed improvement, and, if benefited, to what extent, or in what amount. The same right of appeal exists, under section 40, (id. p. 454,) in favor of a railroad company, where the assessment is against the railroad or any part of the same; and, by consequence, the railroad company, equally with the individual owner, is entitled to a trial by jury upon the question of benefits. Hence, the question is one of fact, and within the province of the jury to determine. (*Spear* v. *Drainage Comrs.* 113 Ill. 632; *Mascall* v. *Comrs. of Drainage District,* 122 id. 620; *Comrs. of Highways* v. *Drainage Comrs.* 127 id. 581.)

But, while it was for the jury to say whether or not the railroad right of way would be benefited by the proposed drainage, it was the right of both parties to insist that the jury should reach their conclusion under the guidance of proper instructions.

We think that instructions 6, 8, 9 and 16, when read together, were calculated to mislead the jury and make a wrong impression upon their minds. The eighth instruction tells the jury that "it does not follow as a matter of law that, because farm lands may be benefited by drainage work, that therefore the right of way of a railroad company is also benefited." This instruction was wrong both as to form and substance. The ordinary way, in which farm lands are benefited by drainage, is by carrying off the water which is apt to stand upon low and flat ground. This is the understanding which the average juror has upon the subject. The effect of this instruction was to lead him to conclude, that a railroad right of way would not be benefited by drainage which should carry

off the standing water from it.    There was some evidence tending to show, that at times the water stood in ponds and holes along the right of way.    If the effect of the drainage was to carry off this water, it was for the jury to say whether the right of way was thereby benefited. Evidence of this character is proper for the consideration of the jury in determining whether a railroad right of way, or public highway, is benefited by drainage.    (*Rich* v. *City of Chicago*, 152 Ill. 18; *Comrs. of Highways* v. *Drainage Comrs.* 127 id. 581).

An instruction should not draw the attention of the jury to particular facts.    (*Chapman* v. *Cawrey*, 50 Ill. 512). Nor is it proper to inject an argument into an instruction.    (*Chicago, Burlington and Quincy Railroad Co.* v. *Griffin*, 68 Ill. 499).    An instruction should not single out for special comment particular portions of the evidence, nor should it be argumentative.    (*Homes* v. *Hale*, 71 Ill. 552; *Chicago, Burlington and Quincy Railroad Co.* v. *Griffin, supra*). Instructions 6, 8 and 16 are objectionable for both of these reasons, that is to say, as singling out and giving prominence to special facts and as being argumentative.

Where an instruction selects one item of evidence, or one fact disclosed by the evidence, and states that a certain conclusion does not follow as a matter of law from that fact, it is calculated to mislead and confuse the jury. The ordinary juror is not able to distinguish between conclusions which follow as matter of law, and conclusions which follow as matter of fact.    If the evidence discloses to him, that drainage, which draws the standing water from land, benefits the land, but he is instructed that it does not follow as matter of law, that such is the case where the land is railroad right of way, he is apt to conclude, that he is not to take into consideration the fact of the drawing off of the standing water from the right of way in determining whether such right of way is benefited by the proposed drainage or not.

The same observations apply to instruction 16 read in connection with instruction 9. Instruction 16 tells the jury, that "it does not follow as a matter of law that, because the drainage district proposes to widen and deepen Prairie creek across the right of way of the defendant, that the right of way will be thereby benefited." Whether the widening and deepening of the creek across the right of way would benefit the right of way or not was a question of fact to be determined by the jury. It was immaterial, whether a benefit to the right of way from such widening and deepening of the creek followed as a matter of law, or not. To tell the jury that it did not follow as a matter of law was virtually to tell them that such deepening and widening of the creek would be of no benefit to the right of way. This was an invasion of the right of the jury to pass on a question of fact. The rule laid down by this court in many decisions, that an instruction is erroneous, which singles out for special comment a particular portion of the evidence and thereby gives it undue prominence, will be substantially abrogated, if such instructions as those here numbered 8 and 16 are held to be proper. All that it will be necessary to do will be to preface the statement of a particular fact, or a particular portion of the evidence, with the words : "it does not follow as a matter of law."

It is undoubtedly the duty of a railroad company, in constructing its road over a water-course, to provide a suitable bridge or culvert to carry off the water accumulating in ordinary floods and in such extraordinary floods as may be anticipated by prudent men, and to carry it off effectually, and so as not to overflow the lands lying above such bridge or culvert. (*Ohio and Mississippi Railway Co.* v. *Thillman*, 143 Ill. 127). By instructions 9 and 16 the jury were told in effect that, if the bridge maintained by the company over Prairie creek should be sufficient to carry off such waters, the widening and deepening of that creek across its right of way would be of no benefit to

such right of way. It was for the jury to say whether such benefit would result or not, independently of the sufficiency of the bridge or opening maintained by the company to carry off the water so as not to injure the lands above. If, as is claimed by counsel for plaintiffs in error, the construction of the drain would have the effect of reducing the volume of the water so as to permit the company to maintain a smaller bridge and opening, the jury would have a right to take this into consideration in determining the question of benefits; but the peculiar phraseology of instruction 16 had a tendency to withdraw the subject from their notice. Where an owner's land is assessed for benefits to be derived from the drainage of the same, it is proper for the jury to consider such benefit, if any, as may result from the drainage of a slough, separating the land assessed from the other land of the owner, and thereby obviating the necessity of bridging the slough to reach such other land. (*Comrs. of Highways* v. *Drainage Comrs. supra*).

A bare reading of instruction No. 6 will show, that it is obnoxious to the charge of singling out certain phases of the testimony, and ignoring other evidence of equal importance. (*Logg* v. *People*, 92 Ill. 598). It tends to divert the attention of the jury from the consideration of the question whether or not the right of way will be benefited by the drawing off of standing water therefrom, or by the widening and deepening of the creek across the same. This instruction assumes, that there is evidence of the matters therein enumerated, without leaving it to the jury to believe from the evidence in regard to such matters. It submits to the jury a question of law by directing them to take into consideration the object and purpose, for which the right of way is "required to be used under the law," without informing them what the requirements of the law are upon that subject. It begins by telling the jury that, in determining whether *the right of way* will be benefited, it shall consider certain specified

matters, and closes by telling them, that they have a right to say from these and all of the other facts and circumstances in evidence, whether or not *the track and right of way* will be benefited. In all these respects we think that the sixth instruction was erroneous and misleading.

The word, "track," as here used does not mean right of way in the sense in which it is used for the purposes of taxation under section 42 of the Revenue act. (2 Starr & Cur. Stat. 2042). It is merely a part of the right of way —that part on which the rails and ties are laid. It is manifest that the whole right of way, which in the present case was 200 feet wide, might be benefited without any special benefit to the track; but, by the sixth instruction, the jury are required to find that the track as well as the right of way is benefited. The case of *Illinois Central Railroad Co.* v. *Comrs. of Drainage District*, 129 Ill. 417, is quoted as authority for the use of this expression. It is true, that, in that case, it was said, that the judgment should be, that the plaintiff have and recover of and against the "track and right of way, etc., within  *  *  * special drainage district." But it was not the intention to prescribe a particular form where, in all cases, the words, "track and right of way," should be used. In that case, where the action was under section 72 of the Farm Drainage act (3 Starr & Cur. Stat. p. 470), to recover a special assessment, the words in question were in the declaration, and the form of the judgment was made to conform thereto. The main point there decided was, that, in such an action, the judgment, if for the plaintiff, must be *in rem* against the property specially assessed only, and not *in personam*.

For the errors thus pointed out in the instructions named the judgment is reversed, and the cause is remanded to the county court.

*Reversed and remanded.*

CRAIG, C. J., and WILKIN, J., dissenting.