The West Chicago Street Railroad Company

*v.*

Ida G. Petters.

*Opinion filed April 16, 1902.*

1. Instructions—*when instruction is calculated to mislead jury.* An instruction which selects one item of evidence, or one fact disclosed by the ·evidence, and states that a certain conclusion does not follow, as a matter of law, from such fact, is calculated to mislead and confuse the jury.

2. Same—*when instruction in action against street railway is properly refused.* In an action against a street railway company, an instruction is properly refused which holds that "no presumption of negligence arises against the defendant from the mere fact that the plaintiff was injured in connection with the defendant's cars."

3. Same—*instruction should be based upon the evidence.* It is not error to refuse an instruction which is not based upon the evidence.

4. Same—*when objection to instruction is not well taken.* An instruction authorizing the jury to find for the plaintiff, under certain facts, if they believe plaintiff was injured "by reason of the *alleged* negligence of the defendant," is not subject to the objection that the jury could find for the plaintiff if she was injured by any act of the defendant alleged to be negligent.

5. Street railways—*cars should approach street crossings under control.* Those in charge of a street car should so regulate its speed that a collision with a person having the right to cross the street may be avoided by the exercise of ordinary care.

*West Chicago Street Railroad Co.* v. *Petters,* 95 Ill. App. 479, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Marcus Kavanagh, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

FRANCIS J. WOOLLEY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action on the case by Ida G. Petters against the West Chicago Street Railroad Company, brought in the superior court of Cook county, to recover damages for personal injuries alleged to have been received through the defendant's negligence. The jury found the defendant guilty and assessed the plaintiff's damages at $10,000. The superior court required the plaintiff to remit half of this verdict, whereupon a judgment was rendered against the defendant for the sum of $5000, which has been affirmed by the Appellate Court.

It appeared from the evidence that the accident occurred about ten o'clock Sunday night, February 24, 1898, on West Twelfth street near its intersection with Millard avenue, in the city of Chicago. The plaintiff, in company with a young man named Butterworth, was driving along in a slow trot in the west-bound track of appellant toward the west, when without warning a car of appellant running at full speed came up behind. Becoming aware too late of the proximity of the car, Butterworth, who was driving, pulled his horse toward the south, when the car crashed into the back of the cutter, breaking the cutter and throwing out both occupants so violently that Butterworth was killed and plaintiff seriously injured. The evening of the accident was clear and cold. The moon was shining, and the cutter could be seen a block or more away. A cold wind with a slight snow was blowing from the north-west, and the motorman had on a fur coat with a collar turned up as high as his cap and had his eyes "all shut in except directly in front," and was protecting his face against the north-

west wind and snow, and for this reason the motorman failed to see the cutter until an instant before the accident, when it was too late to warn the occupants of the sleigh or to take any measure to avoid the accident.

The only errors urged by appellant in this case for reversal are the refusal of the court to give appellant's instructions 19 and 24, and the giving of appellee's fourth instruction. The defendant's refused instruction 19 is as follows:

"The court instructs the jury that no presumption of negligence arises against the defendant from the mere fact, of itself, that the plaintiff was injured in connection with the defendant's cars."

We think the appellant was not prejudiced by the refusal of the trial court to give this instruction to the jury. This class of instructions, which select one item of evidence or one fact disclosed by the evidence and state that a certain conclusion does not follow, as a matter of law, from that fact, are calculated to mislead and confuse a jury. The case of *Drainage Comrs.* v. *Illinois Central Railroad Co.* 158 Ill. 353, was reversed on this character of instructions. If an instruction of this nature were held proper, it would be possible for a defendant to select each "mere fact" constituting the entire chain of facts by which negligence was proved, and enable the court to instruct the jury that each of these links in the chain did not, of itself, constitute negligence, and while each particular link might not, of itself, constitute negligence, yet the whole, taken together, would, and thereby the court would be enabled to instruct the jury on the facts and take away the consideration of facts from them.

Instruction 19 was also covered by the defendant's instruction No. 6, which told the jury that the plaintiff could not recover unless they found, from the evidence, that at the time of the accident she was in the exercise of ordinary care for her own safety and that the defendant was guilty of negligence in the manner charged in

the declaration, and that such negligence was a proximate and direct cause of the plaintiff's injury. This, we think, substantially included all that was requested in instruction 19.

Appellant's instruction numbered 24 was as follows:

"The court instructs the jury that while the defendant, in operating its said car at the time and place in question, was bound to have regard to the rights and safety of others, yet it was not obliged to be all the while on its guard against the not reasonably to be expected, the unusual and extraordinary; and if the jury believe that the crossing of the track by the sleigh in which the plaintiff was riding, if it did cross the track, was, under all the circumstances in evidence, extraordinary, not reasonably to be expected or unusual, then it became the duty of the defendant to stop its car only so soon as the servant or servants in charge thereof had notice or knowledge, or by the exercise of ordinary care could have had notice or knowledge, of such crossing of the track by the said sleigh; and if the jury further believe, from the evidence, that such notice or knowledge was insufficient for the said servant or servants, by the exercise of ordinary care, to stop said car without injuring the said plaintiff, then the jury must find the defendant not guilty."

We think appellant was not prejudiced by the failure of the court to give its twenty-fourth instruction. There is no evidence in the record that the crossing of the track, if it was crossed by the sleigh, was unusual and extraordinary, and as there was no evidence on which to base the instruction it is an elementary principle of law that it was not error to refuse it. The sleigh was struck practically on the crossing of Millard avenue,—the evidence tends to show within nine feet of the west line; and the evidence also shows that this car in question had crossed Millard avenue at a high and dangerous rate of speed without having given any warning of its approach

or without having slowed down, or without having placed the car under proper control to avert just such an injury as occurred in this case. It was the duty of appellant and its servants in approaching crossings to so regulate the speed of its cars that collisions with other persons having the right to cross such streets could, by the exercise of ordinary care, be avoided. (Booth on Street Railways, sec. 306; *West Chicago Street Railroad Co.* v. *McCallum,* 169 Ill. 240; 2 Thompson on Law of Negligence, sec. 1399.) The instruction offered ignores this duty of the appellant, and if given would have justified the appellant in approaching and crossing Millard avenue at a high and dangerous rate of speed without warning to other persons crossing or about to cross the same, and only have held appellant liable for its failure to use ordinary care after the discovery of such persons crossing to avoid collision, when no degree of care, with the ordinary appliances of such carriers, could have been sufficient to have avoided the accident. This instruction was also covered by the eighth instruction given on behalf of appellant, which instructed the jury that if they believed, from the evidence, that the sleigh was driven in front of the car so suddenly that the motorman had no notice of any danger to the occupants of the sleigh, so as to give him an opportunity to avoid the danger by the exercise of presence of mind and the use of such ordinary care as is to be expected under such circumstances as were then surrounding him, and that the car was being operated with ordinary care, then the plaintiff could not recover.

Twenty instructions were given by the court to the jury, covering every phase of the case, and the giving of defendant's refused nineteenth and twenty-fourth instructions would have been repetitions of rules of law stated in the other instructions. It was never contemplated, under the provisions of the Practice act, that the court should be required to give a vast number of instructions, amounting, in the aggregate, to a lengthy address. A

few concise statements of the law applicable to the facts are all that can be required and are all that can serve any practical purpose in the elucidation of the case, and although the court may have refused proper instructions, yet the verdict will not always be disturbed for that reason alone. *Adams* v. *Smith,* 58 Ill. 417.

The fourth instruction given for the appellee was as follows:

"If the jury find, from the preponderance of the evidence, that the plaintiff was injured, as charged in her declaration, by reason of the alleged negligence of the defendant, and that at and before the time of receiving such injury the plaintiff was in the exercise of ordinary care and caution for her own safety, and that when injured she was riding in the cutter in question as the invited guest of Mr. Butterworth, then, even though it should appear that said Butterworth was guilty of some want of care that contributed in some measure toward the bringing about of the accident in question, such want of care, if any, on the part of said Butterworth, will not be imputable to the plaintiff."

The only objection raised to this instruction is of the use of the word "alleged." It is contended by appellant that under this instruction, if the jury concluded, from the evidence, that the plaintiff had been injured by an act of the defendant, and that such act was alleged to be negligent, they then might reconcile it with their consciences to find a verdict for the plaintiff in reliance upon this instruction. We think this contention is frivolous. We cannot see how, by any possible means, the jury could have been misled by the use of the word "alleged." It simply meant that the court was non-committal upon the question of whether there was or was not negligence, and it referred back to the declaration. The plaintiff could recover only for the negligence that was by her alleged, and if the proof showed other or different negligence she would have to amend her declaration and allege it. In

our view the instruction would have been as much subject to criticism if the word "alleged" had been omitted.

It was not reversible error to refuse the instructions asked.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*