213    291
213   4517

.WALTER B. WESTON *et al.*

*v.*

CHARLES TEUFEL *et al.*

*Opinion filed December 22, 1904.*

1. WILLS—*admitting endorsement of judge showing probate of will is error.* In a will contest, admitting in evidence, over contestants' objection, an endorsement on the will by the probate judge showing the will to be proved and admitted to probate in open court is reversible error, where the evidence is close and conflicting.

2. SAME—*allegations of bill that will was probated does not cure error in admitting order of probate.* An allegation in a bill to contest a will that the will had been admitted to probate is a necessary one in all cases, and does not cure the error of admitting in evidence the endorsement of the probate judge on the will showing probate.

3. SAME—*error in admitting endorsement of probate judge not cured by instruction to disregard it.* Error in admitting in evidence, in a will contest, an endorsement signed by the probate judge on the back of the will stating that the will had been proved and admitted to probate, is not cured by an instruction to the jury to disregard it.

4. SAME—*burden of proof of undue influence where fiduciary relation exists.* Proof of a fiduciary relation between the testator and a principal devisee, who was the dominant party to the relation, casts upon the devisee the burden of overcoming the presumption of undue influence, but does not change the rule that upon the whole case the burden is upon the contestants to establish the undue influence by a preponderance of the evidence.

5. INSTRUCTIONS—*when instructions for proponent in will contest are erroneous.* Instructions for the proponent in a will contest are erroneous where each one isolates a separate fact and tells the jury such fact is not sufficient to overthrow the will, where it appears that if all the facts were considered together a different result might be reached.

6. SAME—*when instruction as to disregarding false testimony is erroneous.* An instruction authorizing the jury to disregard the entire testimony of a witness who they believed had knowingly testified falsely to a material fact, except in so far as that testimony was corroborated by other "competent testimony," etc., is erroneous in using the word "competent" instead of "credible."

WRIT OF ERROR to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

C. J. MICHELET, and S. B. KING, for plaintiffs in error:

Where the execution of a will is obtained by a beneficiary largely interested in its provisions, in the absence of excluded heirs who had at least equal claims upon the justice of the testator, and the will departs from the provisions of a previous will in favor of the excluded heirs, and the testator is of advanced years or impaired health, such undue influence is established as will vitiate the will. *Smith* v. *Henline,* 174 Ill. 184; *Purdy* v. *Hall,* 134 id. 298.

The fact of confidential relation between a testator and a favored beneficiary casts upon the proponents the burden of proving that the will was not procured by undue influence. *Coghill* v. *Kennedy,* 119 Ala. 641; *Richmond's Appeal,* 59 Conn. 226; 1 Woerner on Administration, (2d ed.) sec. 32.

Confidential relation sufficient to shift the burden of proof to proponent on the issue of undue influence will arise from the fact that a will is written or procured to be written by a person largely benefited by it. *Purdy* v. *Hall,* 134 Ill. 289; *Bush* v. *Delano,* 113 Mich. 321.

The existence of confidential relation between a legatee under a will and the testator, will, when coupled with activity on his part in procuring its execution, raise an inference of undue influence upon his part. *Boyd* v. *Boyd,* 66 Pa. St.

283; *Coghill* v. *Kennedy,* 119 Ala. 641; *Henry* v. *Hall,* 91 id. 84; *Scattergood* v. *Kirk,* 192 Pa. St. 263; *Richmond's Appeal,* 59 Conn. 226.

And this, even though the testatrix acted voluntarily and of her own free will. *Boyd* v. *Boyd,* 66 Pa. St. 283; *Marx* v. *McGlynn,* 88 N. Y. 357; *Banta* v. *Willets,* 6 Demorest, 84.

Actual imposition and constraint and the undue influence presumed from confidential relation are two distinct species of undue influence. *Thomas* v. *Whitney,* 186 Ill. 225; *Marx* v. *McGlynn,* 88 N. Y. 357; *Banta* v. *Willets,* 6 Demorest, 84.

The mere presence of a confidential relation between the donor and donee creates a presumption of undue influence. *Thomas* v. *Whitney,* 186 Ill. 225; *Harvey* v. *Sullens,* 46 Mo. 147; *Garvin* v. *Williams,* 44 id. 465.

No distinction can be taken, in the application of this rule, between deeds and wills. It is applicable alike to both. *Garvin* v. *Williams,* 44 Mo. 465.

The admission of the order admitting the will to probate is error which will reverse in a close case. *Craig* v. *Southard,* 148 Ill. 37; *Purdy* v. *Hall,* 134 id. 298.

It is reversible error to submit to the jury the question of what evidence is competent. *Schimmelfenig* v. *Donovan,* 13 Ill. App. 47.

WALKER & PAYNE, HARVEY B. HURD, and GEORGE P. MERRICK, for defendants in error:

The testatrix was of sound mind and disposing memory, since she knew and understood fully all the property she possessed, where the same was situated, the names and situations of all the persons whom she desired to make objects of her bounty, carried on her business, made contracts, collected her rents, and was in the full possession of her faculties when she made her will, and qualified, under all the authorities, to dispose of her property. *Rutherford* v. *Morris,* 77 Ill. 397; *Freeman* v. *Easly,* 117 id. 317; *Craig* v. *Southard,* 148 id. 37; *Yoe* v. *McCord,* 74 id. 33; *Burt* v. *Quisenberry,* 132 id.

393; *Greene* v. *Greene,* 145 id. 267; *Pooler* v. *Cristman,* 145 id. 405; *Francis* v. *Wilkinson,* 147 id. 371; *Taylor* v. *Pegram,* 151 id. 106; *Mahon* v. *Mooney,* 196 id. 147.

There is no evidence in this record which shows that Chas. Teufel, directly or indirectly, influenced Nancy Bailey in the making of her will. She acted freely, unrestrained and independently, and advised with Charles S. Hart, a member of her family, her step-nephew and a lawyer by profession. There is no proof of undue influence such as is contemplated by law. *Biggerstaff* v. *Biggerstaff,* 180 Ill. 407; *Greene* v. *Greene,* 145 id. 267; *Dickie* v. *Carter,* 42 id. 376; *Yoe* v. *McCord,* 74 id. 33; *Allmon* v. *Pigg,* 82 id. 149; *Pooler* v. *Cristman,* 145 id. 405; *Burt* v. *Quisenberry,* 132 id. 393; *Francis* v. *Wilkinson,* 147 id. 371; *Rutherford* v. *Morris,* 77 id. 397.

The verdict of the jury finding in favor of the will, and finding that the testatrix was of sound mind and memory and not under the undue influence of Charles Teufel, cannot be disturbed unless palpably against the preponderance of the evidence. *Greene* v. *Greene,* 145 Ill. 267; *Moyer* v. *Swygart,* 125 id. 262; *Hoobler* v. *Hoobler,* 128 id. 645; *Meeker* v. *Meeker,* 75 id. 260; *Long* v. *Long,* 107 id. 210; *American Bible Society* v. *Price,* 115 id. 625; *Johnson* v. *Johnson,* 187 id. 86; *Hollenbeck* v. *Cook,* 180 id. 65; *Egbers* v. *Egbers,* 177 id. 82; *Smith* v. *Henline,* 174 id. 184.

In a case where the statute requires an issue in chancery to be made up to be tried by jury, the verdict is not advisory, but is as conclusive as a verdict of a jury in an action at law. *Meeker* v. *Meeker,* 75 Ill. 260; *Whipple* v. *Eddy,* 161 id. 114; *Lenning* v. *Lenning,* 176 id. 180.

Where a case is heard by the chancellor, and the evidence is all, or partly, oral, it must appear that there is clear and palpable error before a reversal may be had. *Coari* v. *Olsen,* 91 Ill. 273; *Baker* v. *Rockabrand,* 118 id. 365; *Johnson* v. *Johnson,* 125 id. 510; *Ellis* v. *Ward,* 137 id. 509; *Allen* v. *Hickey,* 158 id. 362.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Plaintiffs in error filed their bill in the superior court of Cook county to set aside the will and codicil of Nancy Bailey, deceased, which had been admitted to probate in the proper court of that county on the 9th day of December, 1896, upon the grounds that she was of unsound mind at the time of execution thereof, and that the execution of said will and codicil was procured by the exercise of undue influence on the part of Charles Teufel. After verdict, there was a decree for proponents, which is brought here for review.

Nancy Bailey died on August 19, 1896, at the age of sixty-four years, possessed of property worth approximately $150,000. Her heirs-at-law were John McAllister and James McAllister, brothers, Jane Hart, a sister, and Walter and Charles Weston, children of a deceased sister. The will and codicil were executed on the same day and at the same time, the purpose of the codicil being to add a provision, and both will be hereinafter referred to as "the will."

Testatrix, after providing for the payment of debts and funeral expenses, in addition to making several small bequests, gave to Charles, Walter and Milton Weston $500 each; devised to James McAllister and Jane Hart, "Bailey's Opera House, Evanston, in fee simple;" to Charles Hart, a son of Jane Hart, "the premises 815 Davis street, Evanston;" to Charles Teufel, "my residence, known as 'The Oaks,' No. 2907 Sheridan road, Evanston." The residue was given to James McAllister, Jane Hart and Charles Hart. Charles Teufel was nominated executor. By one clause of the will she excluded John McAllister from sharing in her estate. The proof tends to show that the real estate devised to Teufel was in value about one-third of her property. He is the principal devisee.

For many years the testatrix had been an inebriate, habitually addicted to the use of intoxicating liquor in excessive quantities. Charles Teufel, at the time of the execution

of the will, was a bachelor forty-four years of age. The bill avers and the evidence tends to prove that for several years prior to the execution of the will, he had been her man of business and had sustained very close confidential relations with her; that she was in a debilitated physical and mental condition, consequent upon intoxication habitual and long continued; that she reposed great confidence in him; that he had acquired such dominion and control over her that her will readily yielded to his persuasions, and that by reason thereof a fiduciary relation existed between them, by the abuse of which he secured the execution of the will in question.

The will was drawn on July 22, 1896. On that day, Charles Teufel went with her to the office of Charles S. Cutting, an attorney in the city of Chicago, with whom she had no previous acquaintance, for the purpose of having her will drawn. She informed the lawyer of the purpose of her visit, and he began to make memoranda in regard to the disposition of her property when he was called away. He suggested that Charles Teufel, who was still present, should complete the memoranda in his absence. When he returned Teufel had acted on the suggestion. The attorney then read the items aloud, and the testatrix assented to them. Teufel withdrew and Mrs. Bailey remained a half or three-quarters of an hour, discussing her business affairs and stating the reasons that impelled her in making the disposition of her property that she was making, and then took her departure. On the next day, in accordance with an arrangement made with her, Mr. Cutting took the will to Evanston, the place of her residence, where it was executed in the office of her physician, Charles Teufel being present at the time of the execution; and it appears that he had accompanied her to that office on that occasion. Later, on the same day, she departed from Evanston on a journey to Ireland, where she arrived on August 5, and where her death occurred on August 19 of the same year.

It is first urged that the verdict is against the manifest weight of the evidence. A previous trial had taken place in which a verdict had been returned for the contestants. That verdict was set aside by the *nisi prius* court because, as it is said, the jury was not properly instructed. A large amount of testimony was taken in the second trial. It covers 272 pages of the printed abstract. It is sharply conflicting and irreconcilable, and we do not think the decree should be disturbed on the ground above suggested. A large number of witnesses testified on behalf of proponents and a somewhat lesser number for the contestants. We have carefully considered this testimony, and as the case must be tried again, we refrain from any discussion of the evidence except to say that we consider the case a close one on the proof, more especially so upon one of the two questions presented by the pleadings.

In making their case in chief, the proponents introduced the certificate of the oath of the witnesses taken at the time of the first probate, and were also permitted to introduce, over the objection of the contestants, an endorsement on the will made by the judge of the probate court, which was in the words and figures following: "Will proved and admitted to probate in open court, this 9th day of September, 1896.—Christian C. Kohlsaat, Probate Judge." The admission of this endorsement is assigned as error.

We have heretofore held that a certified copy of the order of the court admitting a will to probate was not properly admitted in evidence on the trial of a will contest, and in a case where the evidence is conflicting, that its admission is prejudicial to the contestants. *Craig* v. *Southard,* 148 Ill. 37.

It is first sought to obviate this error by showing that the bill averred that the will had been admitted to probate in the probate court of Cook county. If this averment cures the error, it is manifest that the error is one that could not be availed of in any case, because without an averment in the

bill that the will had been admitted, no reason would appear for invoking the power of a court of equity to set it aside.

Under the statute, the sole question to be determined by the jury is, "whether the writing produced be the will of the testator or testatrix or not." (Hurd's Stat. 1903, chap. 148, sec. 7.) It is clear the endorsement in question could throw no light on that issue.

In *Graybeal* v. *Gardner,* 146 Ill. 337, the will had been admitted to probate in the circuit court upon an appeal from the probate court, and a bill in chancery thereafter filed to contest the validity of the instrument. In the trial of the issue made on the bill, the court permitted the proponents to read to the jury the order of the circuit court admitting the will to probate, and this was held to be error, but not of a reversible character, for the reason that it merely recited the testimony of the subscribing witnesses and expressly stated that the will was admitted to probate on the evidence of those witnesses alone, and that as a certificate of the evidence of those witnesses would have been *prima facie* proof of the validity of the will, the order simply amounted to proving the legal effect of the evidence of those witnesses, and was therefore harmless. The same thing cannot be said of this memorandum, as it does not show upon what evidence it was based. The conclusion that the jury would probably reach would be that the probate judge had made an investigation and ascertained that the will was valid. Whether that determination had been reached by that officer upon the testimony of the subscribing witnesses or upon that of many other persons, the jury would not know.

It is also suggested that the jury were instructed that the order of the probate court admitting the will to probate should not be considered in arriving at their verdict. We do not think this cures the error. In the first place, the objectionable evidence was not the order admitting the will to probate, but a memorandum endorsed on the will by the probate judge. In the second place, the evidence was harm-

ful for the reason that it gave to the cause of the proponents the support of the finding of the probate court. When the jury had once been acquainted with the fact that such a find-. ing had been made by Judge Kohlsaat, the wrong had been done, and the instruction, if they had understood it to apply to this memorandum, could not have removed from their minds the impression that a verdict for contestants would be adverse to the views of the probate judge.

The admission of the memorandum in this case was reversible error.

The court instructed the jury that it was incumbent upon the contestants to establish one or the other of the grounds upon which the bill was based by a preponderance of the evidence, and this is said to be error so far as the question of undue influence is concerned.

Where a fiduciary relation exists between the testator and a devisee who receives a substantial benefit from the will and where the testator is the dependent and the devisee the dominant party and the testator therefore reposes trust and confidence in the devisee as in the ordinary relation of attorney and client, and where the will is written, or its preparation procured, by that beneficiary, proof of these facts establishes *prima facie* the charge that the execution of the will was the result of undue influence exercised by that beneficiary, and this proof standing alone and undisputed by other proof entitles contestants to a verdict. ( 1 Woerner on American Law of Administration,—2d ed.—sec. 32 ; *Richmond's Appeal,* 59 Conn. 226 ; *Marx* v. *McGlynn,* 88 N. Y. 357 ; *Garvin* v. *Williams,* 44 Mo. 465 ; *Coghill* v. *Kennedy,* 119 Ala. 641 ; *Thomas* v. *Whitney,* 186 Ill. 225.) This results from the distinction, pointed out in the authorities cited, between undue influence arising from coercion or active fraud and undue influence resulting from the abuse of a fiduciary relation existing between the parties. Proof of the relationship and of the fact that the beneficiary, in whom trust and confidence were reposed by the testator, prepared or pro-

cured the preparation of the will by which he profits, may or may not be a preponderance of all the evidence on that subject. When that proof is made, the presumption arises therefrom that undue influence induced the execution of the document. That proof casts upon proponent, if he is to sustain the will, the necessity of showing that the execution of the will was the result of free deliberation on the part of the testator and of the deliberate exercise of his judgment, and not of imposition or wrong practiced by the trusted beneficiary. This, however, does not change the general rule which is, that upon the whole case the burden of proof is upon the contestants to establish the undue influence.

No instruction presenting the doctrine pertaining to fiduciary relations, above recited, was offered by plaintiffs in error, nor was any instruction given inconsistent therewith.

There are five of the proponents' instructions, however, which are erroneous. The thirteenth, fourteenth, fifteenth and sixteenth instructions each, in substance, tells the jury that if Nancy Bailey executed the instrument in question of her own free will at a time when she possessed the requisite mental capacity, then that instrument is her will; the thirteenth and fourteenth, in differing language, direct the jury that this is true even though prior to the execution of this instrument she had made another and different will and had made statements that she might change this will upon her return from Ireland; the fifteenth instructs them that the will would not be invalidated by the fact that Nancy Bailey acted upon the suggestions and advice or persuasion of Charles Teufel; the sixteenth advises that the fact that the beneficiaries are those by whom the testatrix was surrounded and with whom she stood in confidential relations, or that Charles Teufel had for years been in control of her estate, are not grounds for inferring undue influence. Instructions of this character are misleading and calculated to confuse the jury. (*West Chicago Street Railroad Co.* v. *Petters,* 196 Ill. 298; *Drainage Comrs.* v. *Illinois Central Railroad Co.* 158 id.

353.) The objection is that each isolates a fact and tells the jury that such fact is not sufficient to overthrow the will. If this course was pursued with reference to each fact which contestants established, the proponents could have the jury instructed, by a separate instruction, that each one of many circumstances relied upon by contestants was not sufficient to warrant the jury in returning a verdict finding that the paper offered was not the will of the testatrix. This course would probably induce the jury to find for the proponents, when a consideration of all the circumstances together free from the influence of such instructions might lead the jury to the conclusion that the evidence preponderated in favor of the contestants.

The fifteenth instruction is also erroneous in another respect. It contains this language: "To vitiate a will on account of undue influence it must appear, from the evidence, that there was something wrongfully done, amounting to a specimen of fraud, compulsion *or other conduct improper under the instructions herein.*" An examination of the entire series of instructions discloses no language to which the words italicized above could apply. In fact many circumstances were proven and relied upon by contestants to establish undue influence which are not specifically referred to in the instructions in any manner, and the jury might well conclude that such circumstances were by this instruction excluded from their consideration.

The instruction given by the court at the instance of proponents in reference to the credibility of witnesses is inaccurate. By it the jury were instructed that if they believed from the evidence that any witness had knowingly testified falsely as to any material fact, then they were entitled to disregard entirely the testimony of that witness except in so far as that testimony was corroborated by other competent testimony or by facts and circumstances in evidence in the case. The jury are not the judges of whether evidence is or is not competent. The instruction erroneously uses the word

"competent" instead of the word "credible," or other word of like import. Evidence introduced may be competent and not credible, and the jury would under this instruction be required to give weight to the testimony of an impeached witness in so far as that witness was corroborated by competent evidence, even though they did not regard the corroborating evidence as credible.

A number of other errors are assigned, a careful consideration of which has led to the conclusion that they are each without merit. To discuss them would unnecessarily extend this opinion.

The decree will be reversed and the cause will be remanded to the superior court of Cook county for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*