## HENDERLIDER v. HENDERLIDER ET AL.

[No. 22,612. Filed June 17, 1915. Rehearing denied January 27, 1916.]

1. APPEAL.—*Record.—Evidence.—Objections to Instructions.*—Where the evidence is not in the record, the judgment will not be reversed for alleged error in the instructions given, unless it appears that such instructions, or some of them, are erroneous under any supposable state of facts which might have been proved by evidence legally admissible under the issues. p. 348.

2. WILLS.—*Contest.—Testamentary Capacity.—Instructions.*—Where the instructions given by the court in a will contest on the subject of testamentary capacity had the effect, when taken collectively, of dissipating and destroying the influence of the evidence introduced by contestor upon that issue, their giving was error, notwithstanding neither of them, when considered alone, was objectionable as an abstract statement of law. p. 348.

3. TRIAL.—*Instructions.*—The giving of numerous and detailed instructions on every phase of the evidence, to the extent of needless repetition, more frequently serves to confuse rather than enlighten the jury, and is not commendable practice. p. 350.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Action by Claude M. Henderlider against Catherine C. Henderlider and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Eph. Inman* and *Montgomery & Montgomery,* for appellant.

*Branaman & Branaman,* for appellees.

SPENCER, C. J.—Action by appellant, as the illegitimate son of John M. Henderlider, deceased, and alleged to have been acknowledged by the decedent in his lifetime, to contest and set aside the last will and testament of the decedent on the grounds of undue influence and unsoundness of mind affecting its execution. From a verdict and judgment in favor of appellees this appeal is prosecuted and error is assigned in the overruling of appellant's mo-

tion for a new trial. Under this assignment numerous instructions given by the court are challenged, but as the evidence is not in the record the cause will not be reversed unless it appears that such instructions, or some of them, are erroneous under any supposable state of facts which might have been proved by evidence legally admissible under the issues. *Schuster* v. *State* (1912), 178 Ind. 320, 322, 99 N. E. 422. The court gave a number of instructions relative to different phases of the evidence touching the decedent's testamentary capacity when the will was executed, of which instruction No. 14 is a fair illustration. It told the jury that if it found "that the testator at the time of making his will was sober and in possession of all his mental faculties and of sound mind and disposing memory, then the fact that he drank intoxicating liquor at previous times would not of itself be sufficient to invalidate his will." Appellant concedes that as an abstract proposition of law this instruction is not objectionable but contends that he was harmed by the giving of this and other instructions which, taken together, told the jury that although the testator drank intoxicating liquors to excess after the making of the will, and although his family was afflicted with hereditary insanity, and although he himself was insane a few months before the will was executed, and although he was very sick and enfeebled by age and disease at the time the will was made, and although he was weakminded, and although the instrument contained an unjust and unnatural distribution of the testator's estate, and although the sole beneficiary thereunder owned a considerable amount of property in her own right, still no one of these things of itself would be sufficient to invalidate the will. Appellant contends that the giving of these instruc-

tions, even though each contains a correct statement of the law when considered alone, had the effect, when taken collectively, of dissipating and destroying the influence of appellant's evidence on the vital issue of testamentary capacity. This contention finds support in the case of *Weston* v. *Teufel* (1904), 213 Ill. 291, 300, 72 N. E. 908, where it is said: "Instructions of this character are misleading and calculated to confuse the jury.   *   *   * The objection is that each isolates a fact and tells the jury that such fact is not sufficient to overthrow the will. If this course was pursued with reference to each fact which contestants established, the proponents could have the jury instructed, by a separate instruction, that each one of many circumstances relied upon by contestants was not sufficient to warrant the jury in returning a verdict finding that the paper offered was not the will of the testatrix. This course would probably induce the jury to find for the proponents, when a consideration of all the circumstances together free from the influence of such instructions might lead the jury to the conclusion that the evidence preponderated in favor of the contestants." This language is applicable to the instructions now under consideration and suggests a situation which very possibly obtained in this case. These instructions dealt with a number of circumstances in the life of the testator which were relied on to show a want of testamentary capacity and as evidence of each of such facts was admissible under the issues, we must now assume, in view of this attack on said instructions, that such evidence was presented to the jury. We can not say that the giving of such instructions was harmless.

Complaint is also made of other instructions given, some of which are technically inaccurate and, to a

degree, open to the objections urged, but we deem it unnecessary to extend this opinion with a particular reference to each point raised.     The charge as a whole contains thirty-six instructions and well

3.    illustrates the danger of needless repetition which lies in the giving of numerous and detailed instructions on every phase of the evidence. Such instructions serve more frequently to confuse than to enlighten a jury and the practice is not to be commended.     Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent herewith.

NOTE.—Reported in 109 N. E. 204. As to the singling out of facts by judge in charging jury, see 14 Am. St. 44. See, also, under (1) 3 Cyc 169; (2) 40 Cyc 1335; (3) 38 Cyc 1681.