## Claude Vaughn, Plaintiff in Error, v. Director General of Railroads, Defendant in Error.

### Gen. No. 6,778.

1. APPEAL AND ERROR, § 1797*—*when reversal with direction to enter verdict is proper.* Semble, that in an action by an insured for the use of the insurer to recover damages for the destruction of the insured property by fire, in which there was a jury trial and a verdict for defendant, judgment for defendant is not in bar, and if the point is raised by counsel, the Appellate Court will reverse with directions to enter a proper judgment.

2. NEW TRIAL, § 86*—*when grounds relied on are waived by motion.* One filing a written motion for a new trial specifying the points relied upon thereby waives all points not so specified.

3. APPEAL AND ERROR, § 607*—*when grounds for new trial cannot be urged on appeal.* When the findings of the jury on special interrogatories are not specified in the grounds for a new trial stated in the written motion therefor, they cannot be assigned as error in the Appellate Court.

4. APPEAL AND ERROR, § 607*—*what objections are insufficient.* The statement in the written motion for a new trial that the verdict is against the law and the evidence is not sufficient to raise the point that the answers of the jury to special interrogatories were contrary to the evidence.

5. EVIDENCE, § 443*—*when question to expert witness is improper.* Semble, that in an action against a railroad company to recover for the loss of a barn alleged to have been set fire to by a spark from defendant's engine, it is error to permit an expert, who had not been at the fire and had no knowledge of the velocity of the wind at the time, to answer, over proper objection, a hypothetical question as to how far a spark escaping from an engine would go, while retaining sufficient heat to communicate fire, when a strong wind was blowing from the direction of the engine towards the barn in question.

6. APPEAL AND ERROR, § 450*—*when objection to evidence cannot be urged on appeal.* A proper ground of objection to a hypothetical question cannot be first raised in the Appellate Court even though the question was objected to on other grounds below.

7. INSTRUCTIONS, § 81*—*when instruction is erroneous as unduly emphasizing evidence.* In an action to recover damages for the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

destruction of a barn alleged to have been burned by a fire set by sparks from defendant's locomotive, an instruction given at defendant's request that in determining whether the fire was caused by defendant's engine, the jury may consider the size and condition of the appliances in the engine to prevent the escape of sparks and fire, the distance from defendant's track to the barn, the velocity of the wind and the life of the spark, "and all the other facts and circumstances shown by the evidence," is objectionable as singling a few matters in evidence favorable to defendant and omitting other matters equally material, such as that the engine was drawing a heavy freight train up a steep grade and laboring heavily; that it was on a grade 16 or 18 feet above the level of the ground and therefore nearer the roof of the barn; that the fire was discovered 20 or 30 minutes after the train passed; that the fire was then burning on the roof; that the animals in the barn were burned on their heads and backs and not underneath; that there had been no fire in the barn that day and no smoking there; and that no other source of the fire than the engine appeared.

8. Instructions, § 81*—*when instruction is misleading.* Instructions which set out a part only of the evidence on a material question are objectionable as tending to mislead the jury to suppose that the matters thus specially called to their attention are those which are to be especially considered by them and are of controlling importance.

9. Instructions, § 81*—*what is effect of instruction singling out facts.* It is no answer to the objection to an instruction on the ground that it sets out only a part of the evidence on a material question that the other party might have drawn a similar instruction setting out the omitted matters.

10. Railroads, § 941*—*what instruction as to causing fire is erroneous.* In an action to recover for the destruction of a barn burned by a fire alleged to have been set by a spark from defendant's locomotive, it is error to instruct, at defendant's request, that the mere fact that an engine passed the barn before the fire was discovered does not render defendant liable.

Error to the Circuit Court of Henderson county; the Hon. Robert J. Grier, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed June 29, 1920.

Scofield, Hartzell & Califf, for plaintiff in error.

H. B. Safford, Sloane Turgeon and John R. Ong,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for defendant in error; HOMER W. DAVIS and BROWN, SAFFORD, GRAHAM & SOULE, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On July 2, 1918, a barn and animals and other personal property therein, owned by Claude Vaughn, were destroyed by fire which also communicated to his residence and injured that. He was insured, and the insurance company paid the amount at which its liability was fixed. It claimed that the fire was, set by sparks from an engine of the Atchison, Topeka and Santa Fe Railway Company, under such circumstances that said railroad company was liable for the fire, and it brought this suit in the name of Vaughn for its use under the claim that it was subrogated to Vaughn's right of action. Defendant here concedes the subrogation if Vaughn has a cause of action against the railway company. The declaration charged that the fire was set by sparks or hot cinders from defendant's engine; that said engine did not have spark arresting appliances in a good state of repair; that said engine was operated negligently and imprudently, etc. Defendant pleaded not guilty. There was a jury trial and a verdict and a judgment for defendant, from which this writ of error is prosecuted.

The judgment was not in bar. *Town of Magnolia v. Kays,* 200 Ill. App. 122. If this point had been raised by counsel it would have been our duty to reverse with directions to enter a proper judgment.

At the request of defendant the court submitted to the jury four special interrogatories, which were answered to the effect (1) that the fire was not started by an engine of defendant; (2) that on the day of the fire defendant's engines from which the fire could have been started were equipped with the best and most approved appliances to prevent the escape of

sparks and fire; (3) that at said time said appliances were in good condition; (4) that they were then operated by careful, competent and skilful employees in a careful manner and without negligence. Plaintiff filed a written motion for a new trial, specifying the points relied upon and thereby waived all points not so specified. *Yarber v. Chicago & A. Ry. Co.,* 235 Ill. 589, on p. 603. Plaintiff's written motion for a new trial declared the verdict to be against the law and the evidence. No point was made that the special verdicts were contrary to the evidence. It has been held many times that that point does not apply to the answers to special interrogatories and that when the special findings are not mentioned as the ground for a new trial, they cannot be assigned as error in the Appellate Court and the judgment cannot on that ground be reversed. We so held in *Kristel v. Michigan Cent. R. Co.,* 213 Ill. App. 518, and collected some of the authorities on page 528. It is therefore settled beyond dispute for the purposes of this hearing that the evidence warranted the special verdicts that on the day in question defendant's engine, which plaintiff claims set out this fire, did not set the fire, and that it was equipped with the best approved appliances for arresting sparks, and that they were in good repair and operated by a competent employee. That leaves for determination only the question whether there were any errors adverse to plaintiff in rulings on evidence or instructions which may have aided to produce said special verdicts.

Defendant introduced an expert upon the subject of spark arresting devices and their practical operation, and, after qualifying him to a certain extent, put to him a hypothetical question, asking how far under circumstances stated in the question a spark escaping from an engine would go while retaining sufficient heat to communicate fire. The answer was 65 feet, while the evidence showed this barn to be over 200

feet from the railroad track on which the engine sup-
posed to have set the fire was proceeding. The hypo-
thetical question included the proposition that a
strong wind was blowing from the direction of the
engine towards the building. The court overruled
objections to the question. Our attention is not drawn
to any case in this State discussing this question. In
*Hitchner Wall Paper Co. v. Pennsylvania R. Co.*, 158
Fed. 1011, a witness had been asked how far a spark
on a windy day, going through a mesh of the size
used in the Pennsylvania railroad would carry and
be capable of setting fire. The trial court sustained
an objection to the question. The reviewing court
said it was unable to see what aid the jury could
have received from permitting the witness to answer
so general and indefinite a question. The court said:
"It would depend entirely upon how strong the wind
was blowing. 'A windy day' is a very indefinite ex-
pression. A witness should state facts rather than
conclusions, especially in matters of ordinary and gen-
eral information, such as involved in the question ob-
jected to."

On appeal to the circuit court of appeals the same
view of said question about "a spark on a windy day"
was approved in 168 Fed. 602, and in speaking of
said question to said witness the court said: "The
question as to how far a spark would carry on a
windy day clearly did not relate to his knowledge as
an expert locomotive builder, and as a matter of ordi-
nary observation the elements of the strength and
character of the wind were too uncertain to make his
opinion of use in determining any issue in the case."
In the case before us the expert witness had not been
at the fire and had no knowledge of the velocity of the
wind at the place in question at the time of the fire.
The jury had no means of knowing whether, in an-
swering the question which assumed that a strong wind
was blowing, he meant a velocity of 10 miles per hour

or 20 or 40. We think the question was improper so far as it involved that element. But plaintiff's objections did not relate to what the question said about the velocity of the wind. If that point had been raised the question might have been amended. For that reason this objection is not available to plaintiff here.

The seventh instruction given at the request of defendant told the jury that in determining whether the fire was caused by sparks from defendant's engine, they had the right to consider the size and condition of the appliances in the engine to prevent the escape of sparks and fire, the distance from defendant's track to the barn, the manner in which the engine was being operated, the velocity of the wind and the life of the spark, "and all the other facts and circumstances shown by the evidence." This instruction singled out a few matters in evidence favorable to defendant and omitted other matters equally material in determining the question to which said instruction was directed. Among the items of evidence so omitted are proof that the engine in question was drawing a heavy freight train up a steep grade and laboring heavily; that it was on a grade 16 or 18 feet above the level of the ground and therefore that much nearer the roof of the barn; that the fire was discovered 20 or 30 minutes after said train went by; that the fire was then burning in the roof of the barn; that the animals in the barn were burned on their backs and the top of their heads and not underneath their bodies; that there had been no fire in the barn that day and had been no smoking there; and that no source of the fire appeared other than from defendant's engine. Instructions of this character which set out a part only of the evidence upon a material question have been very often condemned. *Chapman v. Cawrey*, 50 Ill. 512; *Drainage Com'rs v. Illinois Cent. R. Co.*, 158 Ill. 353, on pp. 358, 360; *West Chicago St. Ry. Co. v. Petters*, 196 Ill. 298; *Weston v. Teufel*, 213

Ill. 291; *Chicago City Ry. Co. v. Lowitz,* 218 Ill. 24; *Stern v. Bradner Smith & Co.,* 225 Ill. 430, on p. 434; *Healea v. Keenan,* 244 Ill. 484; *Geohegan v. Union El. Ry. Co.,* 266 Ill. 482, on p. 498. There are many Appellate Court decisions to the same effect. We so held in *Sage v. Johnson,* 205 Ill. App. 85. The objection to such an instruction is that it tends to mislead the jury and to lead them to suppose that the matters thus specially called to their attention are the ones to be specially considered by them and are the matters of controlling importance. We do not think it an adequate answer by defendant that plaintiff might have drawn a similar instruction setting out the omitted matters.

By the ninth instruction, given at the request of defendant, the jury were told that the mere fact that an engine passed the barn before the fire was discovered does not render the defendant liable. That is objectionable upon the grounds already stated and is like the instruction condemned in *West Chicago St. Ry. Co. v. Petters, supra,* and like that condemned in *Chicago City Ry. Co v. Lowitz, supra,* and discussed on page 32 in that opinion. The tendency of the instruction was to cause the jury in considering the evidence to reject the fact that the engine passed the barn shortly before the fire was discovered. As these instructions were erroneous and bore directly upon the questions submitted to the jury by the special interrogatories, we are of opinion that a new trial should be awarded.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*