## The Acme Harvester Company

### *v.*

## Guy Chittick.

*Opinion filed October 23, 1907—Rehearing denied Dec. 6, 1907.*

1. Trial—*when a personal injury case is properly left to jury.* An action by a servant against a farm implement manufacturing company for personal injury is properly left to the jury under evidence that the plaintiff had been in defendant's employ but a short time and was inexperienced; that defendant's foreman, knowing plaintiff's inexperience, put him to work with a wood-working machine set on a slippery hard-maple floor covered with sawdust and shavings, which concealed its character from plaintiff, who slipped thereon and fell, thrusting his hand on the knives of the machine, which cut off his fingers.

2. Evidence—*the fact that certain kind of floor grows slippery from use may be proved.* In an action by a servant against the master for an injury sustained by slipping on a hard-maple floor in the wood-working machine room, causing him to fall and thrust his hand on the revolving knives of a machine, it is competent to prove

by persons familiar with the effect of wear upon such floors that they would become smooth and slippery from constant use.

3. APPEALS AND ERRORS—*objection not urged in Appellate Court brief is waived.* An objection to an instruction which is not made in the Appellate Court brief cannot be urged in the Supreme Court on further appeal.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

LACKNER, BUTZ & MILLER, and PINKNEY & McROBERTS, for appellant.

DAILEY & MILLER, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Peoria county to recover damages for a personal injury alleged to have been sustained by appellee while in the employ of appellant. The jury returned a verdict in favor of the appellee for the sum of $6500, which has been affirmed by the Appellate Court for the Second District, and a further appeal has been prosecuted to this court.

The appellant first contends that the trial court erred in declining to take the case from the jury at the close of all the evidence.

The declaration alleged that the appellant failed to provide a reasonably safe place for the appellee in which to work, in this: that the appellee was placed at work on a certain joiner wood-working machine, the dangerous character of which was unknown to him; that the floor in front of said machine had become worn, smooth and slippery from walking over the same and by oil dripping thereon from the machine; that the appellee had never worked on said ma-

chine prior to the day of the accident; that while he was working upon said machine, in the exercise of due care for his safety, his feet slipped on the smooth floor and he fell forward upon the machine, and a portion of his left hand was caught in the knives of the machine and severely injured.

It appears from the evidence that the appellant was engaged in operating a manufacturing establishment near Peoria in which it manufactured all kinds of farm machinery; that the appellee had been in its employ for about one month prior to the time he was injured; that during that time he was doing general work in and about the factory; that on the day of the accident he was directed by his foreman to do work on a certain joiner wood-working machine; that while he was working on said machine his feet slipped and his left hand was caught in the knives of the machine and so injured as to necessitate the amputation of the fingers of that hand. The room of the appellant in which the appellee was at work was about three hundred feet long and one hundred feet in width. Through the center of said room, the long way, there ran an aisle, along the outer edges of which were placed fifteen or twenty wood-working machines, among which was the machine upon which appellee was injured. The floor of the room, including the aisle, was made of hard maple, which the evidence tends to show will become very smooth and slippery with wear, and that the space in front of the machine at which appellee was at work was smooth and slippery; that after appellee had been at work twenty or thirty minutes upon said machine his feet slipped and he fell and his left hand went into the knives of the machine.

The evidence bearing upon the condition of the floor generally, and particularly in front of the machine, was conflicting. There is, however, found in this record ample evidence, if true, which tends to establish that the floor immediately in front of the machine upon which appellee was

at work was worn and was smooth and slippery; that it was covered with dust, shavings, etc., so that appellee did not know of its smooth and slippery condition; that appellee was inexperienced in the use of said machine, and that the foreman who set him to work at the machine knew he was inexperienced, and that the floor had been in use for a number of years and was worn smooth and was slippery, and that he did not notify appellee of the dangerous condition of said floor at the time he set him to work upon said machine. Where there is evidence in the record which fairly tends to support a cause of action this court cannot weigh the evidence, but must hold, as a matter of law, that the plaintiff has sustained his cause of action. We are therefore of the opinion the circuit court did not err in declining to take the case from the jury.

It is next contended that the court erred in permitting the appellee to prove by witnesses who are familiar with the effect of wear upon maple floors, that such floors would become smooth and slippery from constant use. Such evidence was admitted in *Weber Wagon Co.* v. *Kehl,* 139 Ill. 644; and its admission was approved by this court. We do not think that the court erred in admitting that class of evidence.

It is finally contended the court erred in giving to the jury appellee's sixth given instruction. A copy of appellant's Appellate Court brief has been filed in this court by permission of court, from which it appears that no objection was urged in the Appellate Court against the giving of said instruction. That being true, the question of the correctness of that instruction cannot be raised in this court for the first time.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*