## Frederick W. Hoffman, Appellee, v. Ernst Tosetti Brew= ing Company, Appellant.

## Gen. No. 16,131.

1. INSTRUCTIONS—*when peremptory should not be given.* A peremptory instruction should not be given where the evidence tends to establish the allegations of the plaintiff's declaration.

2. INSTRUCTIONS—*must not single out evidence.* It is improper for an instruction to single out and lay special emphasis upon a particular item of evidence.

3. INSTRUCTIONS—*predicated upon evidence.* An instruction should not contain an hypothesis not supported by any evidence in the cause.

4. INSTRUCTIONS—*definite in form.* An instruction is properly refused which is vague, indefinite and misleading.

5. EVIDENCE—*as to what expert testimony competent.* *Held,* that it was proper to inform the jury that the friction of one metal with another would cause heat and that a wooden hub coming in binding contact with a nut would also cause heat and that the expansion of the nut by the heat thus produced would cause it to drop off or break off.

6. EVIDENCE—*when as to reputation of manufacturer incompetent.* Where a charge is made that a wagon was defective, evidence that the

manufacturer of such wagon was a reputable manufacturer of wagons, is not competent.

7. EVIDENCE—*when question calls for conclusion.* A question as to who had authority to make promises or assurances calls for a conclusion and an objection to such a question is properly sustained.

8. EVIDENCE—*when question as to duty competent. Held,* that a question which inquires as to whether it was a servant's duty to do a particular thing, was not reversible error.

Trespass on the case. Appeal from the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 6, 1912.

F. J. CANTY and R. J. FOLONIE, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal is from a judgment for $9,000 in an action of trespass on the case.

The declaration contains several counts, but the substance of them may be stated as follows: That it was the duty of the defendant, appellant here, to furnish the plaintiff a wagon which was serviceable and well-constructed, with all its parts in a safe and good working condition, but that not regarding this duty, the defendant furnished the plaintiff a wagon to drive which was unserviceable and defectively constructed, and which had one axle which was improperly constructed, was too short, was in a bad and unsafe condition, and was in such condition that it was liable to cause one wheel of said wagon to come off while the wagon was in use, and that, while plaintiff was driving the wagon, one of the wheels of the wagon, by reason of the defective, dangerous and unsafe condition, came off causing the plaintiff to be thrown violently to the pavement whereby he was injured.

It is urged on behalf of the appellant that the trial court erred in refusing to direct a verdict for the de-

fendant. In support of this contention some argument is indulged in by counsel for appellant with reference to the doctrine of *res ipsa loquitur*. That doctrine is not applicable to the case and no further notice of it need be made.

The evidence shows that the wagon in question was first put in use by the defendant from three to six weeks prior to the date of the accident, and from the day when it was first used until the day of the accident, all four wheels of the wagon ran hot when the wagon was used. This is the testimony of Herman Bleck, who was employed by the appellant company as a greaser of its wagons, including the wagon in question. Bleck testified that the wagon had been in use for about three weeks before the accident, and that it always came back with all four of the axles hot, but that the axle on which the left hand wheel ran was hotter than the others. He testified that he took off the wheels, washed them with kerosene before they got cold and then brushed them out and greased them, and put the wheels on, and turned the nuts tight and gave the wheels a little spin; that the left hand wheel would not spin, but would only turn so long as he pushed it with his hand, and when he took his hand off it would stop and would not spin. He further testified that he greased the wagon the night before the accident, and put plenty of grease upon it; that the rear left hand wheel would not spin when he attempted to cause it to spin, but would stop as soon as he took his hand off. This is uncontradicted evidence as to the condition of the wagon.

The evidence shows that upon the complaint of the plaintiff as to the condition of the wagon it was sent to a repair shop, but that only the front wheels were ground down and tested, and that the rear axles were not touched. The evidence in the case without dispute shows that the hot axles must have been caused by one or more of three things: Either the boxing was too

long and rubbed against the nut; or, the wood in the hub extending over the box was too long, and rubbed against the nut; or, the boxing fitted too tightly upon the axle. The evidence shows without contradiction that the natural tendency of the existence of either one of the three defects mentioned would cause the nut to come off, either by heating and the consequent expansion of the nut, or by grinding and heating and a resultant breaking off. The evidence shows without controversy that the appellant had full knowledge of this condition of the wagon, and that it returned to the yard of the appellant every night when in use with the axles hot.

The accident happened on the 3rd of July, 1903. This being the day before the Fourth of July, was one of the heaviest days of the year in the defendant's business, because, as we suppose, saloons are required to be closed on legal holidays. On that day the plaintiff took out two wagons. He put his regular helper on the extra wagon and took a new man with him on the wagon in question. The testimony shows that the wagon was driven on this day about twenty miles. While the plaintiff was driving south in State street, in the city of Chicago, between seven and eight o'clock in the evening and had about reached Harmon court, the left hind wheel of the wagon came off, and the plaintiff was thrown to the street. He was knocked insensible, and the neck of the right femur was broken, and he was otherwise seriously injured.

In our opinion the jury were warranted by the evidence in finding that the accident was caused by the defective boxing in the hub, or by the extension of the wood in the hub over the boxing, and that the heating of the nut and axle caused the nut and the wheel to come off the axle. No other probable cause for the accident is shown by the evidence to have existed. The jury were warranted by the evidence in drawing the inference, we think, that the falling off of

the nut was the result of the defective construction of the axle and wheel which ran upon it. The evidence was sufficient to require the case to be submitted to the jury, and the court did not err in refusing to direct a verdict for the defendant.

We do not think that the contention on behalf of appellant that the court erred in denying the motion for a new trial because the verdict is against the preponderance of the evidence, finds any basis in the testimony. The evidence preponderates in favor of the plaintiff.

It is urged that the court erred in permitting witnesses Draper, Trautman and Nelson to testify as experts on the question of what would be likely to cause a wagon to run hot. All three of these witnesses were men of long experience in the matter of repairing wheels, axles and nuts on wagons. We think the court did not err in permitting the testimony. It was proper to inform the jury that the friction of one metal with another metal would cause heat; and that the wooden hub, coming in binding contact with a nut, would also cause heat; and that the expansion of the nut by the heat thus produced would cause it to drop off or break off. The admission of this testimony was not error. Acme Harvester Co. v. Chittick, 230 Ill. 558; Henrietta Coal Co. v. Campbell, 211 id. 216; Kellyville Coal Co. v. Strine, 217 id. 516.

The court excluded the evidence offered by appellant tending to prove that the manufacturer of the wagon in question was a reputable manufacturer of wagons. This ruling of the court is urged as erroneous. We are unable to see that the evidence offered would have enlightened the court and jury upon the question at issue in the case in view of the uncontradicted evidence as to the existence of the defect, and that it had been called repeatedly to the attention of the defendant before the happening of the accident. The defendant had direct and specific notice that the wagon

was not properly constructed and as to the particular defect alleged in the wagon. It cannot be said, therefore, that the defendant had any right to rely upon the reputation of the manufacturer of the wagon in view of the undoubted defect in the wagon, and of the notice it had of such defect. The court did not err, in our opinion, in excluding the evidence.

It is urged that on the reading of the deposition of Kornmayer, the court sustained an objection to questions asked of the witness as to who had authority to make promises or assurances for the defendant. The answer to these questions manifestly involved a conclusion on the part of the witness. Further complaint is made that on cross-examination, the court permitted counsel for the plaintiff to ask the same witness whether or not it was the greaser's duty to see that the axles were properly attended to, so far as greasing them was concerned. We see no reversible error in permitting questions on this subject to be answered by the witness.

The court refused defendant's instruction 22 in which the court was requested to instruct the jury that, "the mere fact that one of the wheels of the wagon which plaintiff was driving came off, if you believe from the evidence that it did come off, is not of itself any evidence of negligence on the part of the defendant entitling plaintiff to recover." This requested instruction if given would have called the attention of the jury to one item of evidence, or one fact disclosed by the evidence, and that the jury would have a right to draw a conclusion from that fact alone. This method of instructing jurors has been condemned in many cases, among which are West Chicago St. Ry. Co. v. Petters, 196 Ill. 298, and Weston v. Teufel, 213 id. 291.

Complaint is also made that the court refused to give the twenty-third instruction requested by appellant; that instruction reads as follows:

"The jury are instructed that if you believe from

the evidence that the axle in question had been run-
ning hot at various times, but that it did not run hot
on the day of the accident, then you must disregard the
evidence respecting the heating, in arriving at your
verdict.''

We think this instruction was not based on any evi-
dence in the case.   The testimony of the witness Smith
does not show that he at any time examined or felt of
the left rear wheel or axle; he did not so testify.   He
was on the stand as a witness on behalf of the appel-
lant, and, although he testified to feeling of the
wheels and nuts of the wagon, he did not testify direct-
ly as to feeling of the left rear wheel of the wagon and
the nut holding same in place. The evidence in the case
is uncontradicted and undisputed that during all the
time the wagon in question was in use the left rear
wheel ran hot, and was in that condition every night
when the wagon was returned to the yard of the appel-
lant. Smith testified that Hoffman told him on the first
stop down-town on that date to look at the wheels,—
that they had been running hot,—''I did look after
them; I felt of the axle.   I felt of the nut and the axle
that is flush with the nut.   I did that a couple of times
that afternoon.   As I felt them those different times
during the afternoon they were cold.''   We do not
think that this evidence shows that the axle was not hot
at the time of the accident, or that it did not run hot
on the day of the accident.   We do not think that coun-
sel for appellant would have contented themselves with
the mere general statement of the witness Smith as
above given if they could have proven by him that the
left side rear axle had been tested by him as to' heat
on the day in question, or shortly before the accident.
We are of the opinion that the jury would not have
been warranted in finding from the evidence that the
left hand rear wheel did not run hot on its axle, and
the court did not err in refusing the instruction.   It
would have been misleading if given.   It would have

been equivalent to telling them that they must disregard all the evidence respecting the heating of the axle contained in the record.

It is also urged that the court erred in refusing instruction 24, dealing with the propriety of a party to a lawsuit paying witnesses for the time they lost in attending upon the trial of a case. This instruction had no basis in the evidence and was properly refused. The evidence simply showed that the witness Smith had received money from some one but he did not know from whom. There was no evidence what the money was paid for or by whom it was paid.

The court refused instruction 21 tendered by appellant. This instruction was vague, indefinite and misleading; it assumed to tell the jury that if they were unable to determine from the evidence whether or not the accident was caused by the negligence complained of they must find for the defendant. The jury had already been told by instruction 16 that the plaintiff could not recover unless he proved by a preponderance of all the evidence that the defendant was guilty of the negligence complained of in the declaration, and that the accident happened as a result of such negligence; and by instruction 12, the jury was told that they must find for the defendant if the evidence is so evenly balanced that they were unable to determine whether it preponderated in favor of the plaintiff or the defendant. We think these instructions fully cover the ground which would have been covered by instruction 21, if it had been properly framed and given.

Upon a careful examination of the testimony as to the injury received by the plaintiff, we are of the opinion that the judgment is not excessive. We do not think the record shows that the verdict was the result of passion and prejudice. The court required a *remittitur* from $12,000 to $9,000, and the judgment was entered upon the *remittitur*. We find no reason for

disturbing the judgment on the ground that it is excessive.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*